1 | SEYFARTH SHAW LLP
G. Daniel Newland (SBN 87965)
2 | *dnewland@seyfarth.com*
Eric M. Lloyd (SBN 254390)
3 | *elloyd@seyfarth.com*
560 Mission Street, 31st Floor
4 | San Francisco, California 94105
Telephone:     (415) 397-2823
5 | Facsimile:     (415) 397-8549

6 | SEYFARTH SHAW LLP
Frederick T. Smith (*to be admitted pro hac vice*)
7 | *fsmith@seyfarth.com*
Esther Slater McDonald (*to be admitted pro hac vice*)
8 | *emcdonald@seyfarth.com*
1075 Peachtree Street, N.E., Suite 2500
9 | Atlanta, Georgia  30309-3958
Telephone:     (404) 885-1500
10 | Facsimile:     (404) 892-7056

11 | Attorneys for Defendant
FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

12

13

14 | UNITED STATES DISTRICT COURT

15 | NORTHERN DISTRICT OF CALIFORNIA

16

17 | ELIZABETH LARROQUE, an individual, on behalf of herself and all others similarly situated,

Case No.

18 | Plaintiff,

**DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.'S NOTICE OF REMOVAL**

19 | v.

20 | FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., and DOES 1 through 10,

REMOVED FROM THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, CASE NO. CIV535083, CLASS ACTION

21

22 | Defendants.

23

24

25

26

27

28

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant FIRST ADVANTAGE LNS SCREENING

SOLUTIONS, INC. hereby removes the above-referenced action from the Superior Court of the State of

California, County of San Mateo, to the United States District Court for the Northern District of

California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  In support of this Notice of Removal, First

Advantage states the following:

## BACKGROUND

1.        On August 17, 2015, Plaintiff filed her Class Action Complaint and Demand for Jury

Trial ("Complaint") in the Superior Court of the State of California for the County of San Mateo, titled

*Elizabeth Larroque v. First Advantage LNS Screening Solutions, Inc. and Does 1 through 10*, Case No.

CIV 535083.  In her Complaint, Plaintiff claims that First Advantage and Does 1 through 10 violated the

Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681b(b)(1).

2.        First Advantage was served with the Complaint on September 11, 2015.  The

Summons, Complaint, and Civil Cover Sheet are attached to the Declaration of Eric M. Lloyd ("Lloyd

Dec." or "Lloyd Declaration"), filed concurrently herewith, as Exhibit 1.

3.        Plaintiff filed her proof of service on September 15, 2015.  (Lloyd Dec. ¶ 3, Ex. 2.)

4.        On October 8, 2015, First Advantage filed its Answer to Plaintiff's Complaint in the

Superior Court of the State of California for the County of San Mateo.  (*Id.* ¶ 4, Ex. 3.)

5.        On October 9, 2015, First Advantage filed a Notice of Removal in this Court.  (*Id.* ¶

39, Ex. 38.)  The case was assigned to the Honorable Jacqueline Scott Corley under case number 3:15-

cv-04684-JSC.  (*Id.* ¶ 39.)

6.        On January 4, 2016, this Court granted First Advantage's motion to stay the

litigation pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540

(2016).  (*Id.* ¶ 61, Ex. 59.)

7.        Following the Supreme Court's May 16, 2016 decision in *Spokeo*, the Court issued

an Order Remanding Case for Lack of Subject Matter Jurisdiction, finding that Plaintiff lacked Article

III standing because her Complaint did not contain any allegations of an actual injury or harm.  (*Id.* ¶ 70, Ex. 68.)

8.      Thereafter, this case was remanded to the Superior Court of the State of California for the County of San Mateo.  (*Id.* ¶ 71, Ex. 69.)

9.      On August 16, 2017, Plaintiff appeared for her duly noticed deposition.  (*Id.* ¶ 72.) Plaintiff testified that First Advantage's report on her was inaccurate, that the report invaded her privacy, and that she suffered emotional distress as a result of the report.  (*Id.*)  As explained below, Plaintiff's sworn testimony reveals that she has Article III standing, and, thus, that her case is now removable.

10.     Exhibits 1 through 37 to the filed Lloyd Declaration constitute the pleadings, process, and orders filed in the Superior Court of the State of California for County of San Mateo in this action.  Exhibits 38 through 69 to the Lloyd Declaration constitute all pleadings, process, and orders filed in this Court prior to remand in September 2016 (with the exception of one restricted document; *see* Lloyd Dec. ¶ 55).  Exhibits 72 through 82 to the Lloyd Declaration constitute all pleadings, process and orders filed in the California Court of Appeal and the California Supreme Court subsequent to remand in September 2016.  (Lloyd Dec. ¶¶ 2-84.)

**TIMELINESS OF REMOVAL**

11.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3) because First Advantage has filed it within 30 days of receiving Plaintiff's deposition transcript containing her testimony that she suffered actual injuries.

12.     "Under Section 1446(b), where a case is not originally removable, the time for removal begins only after defendant receives a copy of a pleading, motion, or other paper which shows that the action has become removable[.]  [T]he time period to remove an action cannot depend on defendant's actual knowledge, because the statute expressly allows a defendant to rely on papers presented to it."  *Jong v. General Motors Corp.*, 359 F. Supp. 223, 226 (N.D. Cal. 1973).

13.     The 30 days within which a party can remove does not begin until the party receives the "other paper" that provides for federal court jurisdiction following the service of the complaint.  *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the

defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").  A deposition transcript constitutes an "other paper" as provided for in 28 U.S.C. § 1446(b)(3).  *See Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (C.D. Cal. 1988).

14.     As Judge Corley held, this case was not originally removable because Plaintiff's Complaint did not allege any facts showing that she had been injured.  The Complaint does not allege that Plaintiff's report was inaccurate, that her privacy was invaded, or that she had suffered emotional distress or any other harm.  (Lloyd Dec. ¶ 70, Ex. 68.)  *See Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 951-57 (C.D. Cal. 1999) (holding case not removable where court lacked subject matter jurisdiction and plaintiff lacked Article III standing because complaint did not allege an injury in fact).

15.     For that reason, Plaintiff's case was not removable until she testified at her August 16, 2017 deposition that she had suffered an actual injury, as explained below.  (Lloyd Dec. ¶ 72.)  First Advantage received a rough version of the transcript of Plaintiff's deposition testimony on August 31, 2017, and a certified copy of the transcript of Plaintiff's deposition testimony on September 9, 2017.  (*Id.* ¶ 72, Exs. 70, 71.)

16.     Accordingly, First Advantage's Notice of Removal—which is being filed within 30 days of Plaintiff's August 16, 2017 deposition and First Advantage's receipt of the rough transcript thereof on August 31, 2017—is timely pursuant to 28 U.S.C. § 1446(b)(3).[1]

## **FEDERAL QUESTION JURISDICTION**

17.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the FCRA, a federal statute.  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

---

[1]/ First Advantage has not waived its right to remove by litigating in state court.  "Acts before removability becomes apparent cannot waive removability."  *Calif. Republican Party v. Mercier*, 652 F. Supp. 928, 932 n.3 (C.D. Cal. 1986); *see also Resolution Trust Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1211 (9th Cir. 1994) (affirming denial of motion to remand where judgment entered in state court and appeal in state court was pending).

18.     Moreover, it is now readily apparent that Plaintiff has Article III standing.  At her deposition, Plaintiff repeatedly testified that First Advantage's report about her was inaccurate, that her privacy was invaded, and that she suffered emotional distress.  (*E.g.*, Lloyd Dec.  ¶ 72, Ex. 71 at 11:25-12:11 ("Q.  Why are you suing First Advantage, ma'am?  […]  A.  I believe my privacy was violated…."), 79:25-82:19 ("Q.  Do you believe that First Advantage's conduct harmed you, Ms. Larroque?  A.  I do.  Q.  How so?  A.  I believe they violated my privacy and my personal information."), 84:18-86:9 ("Q.  How else did it harm you?  A.  My piece [*sic*] of mind, my – I feel unsecure [*sic*] about the information that is out there."), 86:23-87:2 (testifying that her report harmed her because "I have never lived in Tennessee, and that was recorded there"); 88:9-16 (testifying to "the inaccuracy of" the residential history included in the report); 89:7-9 ("I think they got the information incorrect, and they included me in a city that I didn't live in."); 89:23-90:2 ("Q.  And you're contending that you were harmed because – your piece [*sic*] of mind was disturbed by the issuance of this report and the information contained in it?  […]  A.  Correct."), 90:4-9 (Q:  And how did this disturb your piece [*sic*] of mind?  […]  A. "That they would run the report without my knowledge …. I wasn't aware of it, and that's disturbing."), 93:3-94:15 (Plaintiff purportedly experienced emotional distress as a result of First Advantage's alleged conduct), 102:4-103:12 (Plaintiff "think[s] about" her alleged emotional distress "a lot" and has "prayed about it").)[2]

19.     Plaintiff also testified that she suffered actual damages from the inaccurate report and invasion of her privacy.  (Lloyd Dec. ¶ 72, Ex. 71 at 103:14-24 ("Q.  Are you seeking damages, ma'am, for the uncertainty and the piece [*sic*] of mind?  […]  A.  Yes.  I believe my piece [*sic*] of mind and privacy has value to that."), 124:20-125:3 (Plaintiff testified that she is seeking "[p]ersonal damage for my peace of mind; my security; my -- the uncertainty").)[3]

20.     Inaccurate reporting, invasion of privacy, and emotional distress are all harms sufficient to confer standing.  *See, e.g.*, *Robins v. Spokeo, Inc.*, 2017 U.S. App. LEXIS 15211, *23 (9th Cir. Aug. 15, 2017) (holding that the intangible injury of an inaccurate consumer report "is itself sufficiently concrete"); *id.* at *14-17 (discussing FCRA's protection of privacy interests and citing

---

[2]/ *See also* Lloyd Dec. ¶ 72, Ex. 70 at 12:23-13:9, 81:3-83:22, 85:21-87:12, 87:24-88:5, 89:12-19, 90:1-5, 90:10-12, 91:1-25, 94:6-95:18, 103:6-104:17.
[3]/ *See also* Lloyd Dec. ¶ 72, Ex. 70 at 104:16-105:1, 123:23-125:3.

authorities); *Syed v. M-I, LLC* 853 F.3d 492, 496-97, 499-500 (9th Cir. 2017) (stating that FCRA protects "job applicants' privacy rights" and rights to accurate reporting and holding that FCRA plaintiff alleging deprivation of privacy rights had Article III standing to sue); *Barnes-Wallace v. City of San Diego*, 530 F.3d 776, 785 (9th Cir. 2008) (holding that plaintiffs had Article III standing because they alleged "personal emotional harm"); *Larson v. Trans Union, LLC*, 201 F. Supp. 3d 1103, 1108 (N.D. Cal. 2016) (holding that FCRA plaintiff had stated a concrete harm for Article III standing by alleging he suffered "emotional distress" from his consumer report).  Such harms are "'real,' rather than purely legal creations." *Robins*, 2017 U.S. App. LEXIS 15211 at *13.

21.     Therefore, given her testimony, Plaintiff has Article III standing, and her case is removable because her claim arises under a federal statute.

## VENUE

22.     Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).  This action originally was brought in the Superior Court of the State of California, County of San Mateo.

## INTRADISTRICT ASSIGNMENT

23.     Assignment to the San Francisco or Oakland divisions of this Court is proper under Local Rule 3-2 because this action originally was brought in the Superior Court of the State of California, County of San Mateo.

## CONSENT

24.     No consent is necessary from the other Defendants, Does 1 through 10, because they are not named in the Complaint and have not been served.

## NOTICE OF REMOVAL

25.     Notice of this Notice of Removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California for the County of San Mateo.

/ / /

/ / /

/ / /

/ / /

1  WHEREFORE, First Advantage prays that this civil action be removed from the Superior Court

2  of the State of California, County of San Mateo, to the United States District Court for the Northern

3  District of California.

4

5  DATED:  September 13, 2017                    SEYFARTH SHAW LLP

6

7                                              By:  _____/s/ Eric M. Lloyd_____
                                                     G. Daniel Newland
8                                                    Frederick T. Smith*
                                                     Esther Slater McDonald*
9                                                    Eric M. Lloyd

10                                             Attorneys for Defendant
                                               FIRST ADVANTAGE LNS SCREENING
11                                             SOLUTIONS, INC.

12                                             *to be admitted pro hac vice

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28