# EXHIBIT 74



DIANA HERBERT
CLERK/ADMINISTRATOR

STATE OF CALIFORNIA
# Court of Appeal

OFFICE OF THE CLERK
FIRST APPELLATE DISTRICT
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4712

TELEPHONE
(415) 865-7200
FAX
(415) 865-7209
E-MAIL
first.district@jud.ca.gov

February 24, 2017

Peter Kindem, Esq.
21550 Oxnard Street, Suite 900
Woodland Hills, CA 93167

Lonnie Blanchard, Esq.
Blanchard Law Group, APC
3311 E Pico Blvd.
Los Angeles, CA  90023

Re:  A150566; First Advantage LNS Screening Solutions Inc. v. Superior Court;
     Elizabeth A. Larroque, Real Party in Interest.

Dear Counsel:

Your client is named as a real party in interest to the above-captioned writ petition, which has been assigned to Division Two of this court.  The court asks that you serve and file points and authorities in opposition to the petition **on or before March 6, 2017**.  Opposition should address all issues raised by the petition.

Take note that if circumstances warrant, the court may issue a peremptory writ in the first instance.  (See Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)

Please direct inquiries to Stacy Wheeler or Imelda Santos, Deputy Clerks at (415) 865-7292.

Very truly yours,

Diana Herbert, Clerk

by:

Deputy Clerk

cc:  Eric Lloyd, Esq.

# EXHIBIT 75

# Case No. A150566

=============================================

## COURT OF APPEAL OF THE STATE OF CALIFORNIA
## FIRST APPELLATE DISTRICT, DIVISION TWO

———————————————

First Advantage LNS Screening Solutions, Inc.

*Petitioner,*

vs.

Superior Court of the State of California for the County of San Mateo,

*Respondent,*

Elizabeth A. Larroque,

*Real Party in Interest.*

———————————————

From the Superior Court for San Mateo County, Case No. CIV 535083
The Honorable Richard DuBois, Judge

=============================================

## REAL PARTY IN INTEREST ELIZABETH A. LARROQUE'S
## OPPOSITION TO PETITION FOR WRIT OF MANDATE

=============================================

PETER R. DION-KINDEM (95267)
PETER R. DION-KINDEM, P.C.
21550 Oxnard Street, Suite 900
Woodland Hills, CA 91367
Telephone:   (818) 883-4900
Email: peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:   (213) 599-8255
Email: lonnieblanchard@gmail.com

*Attorneys for Real Party in Interest Elizabeth A. Larroque*

=============================================

## CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

Pursuant to California Rules of Court 8.208 and 8.488, the undersigned counsel for Real Party in Interest Elizabeth A. Larroque certifies that there are no interested entities or persons that must be listed in this certificate under Rule 8.208.

Dated: March 3, 2017                    Respectfully submitted,


PETER R. DION-KINDEM
PETER R. DION-KINDEM, P.C.
THE DION-KINDEM LAW FIRM

*Attorneys for Plaintiff and
Real Party in Interest
Elizabeth A. Larroque*

## TABLE OF CONTENTS

I.    INTRODUCTION. ..................................................................... 1

II.   PROCEDURAL BACKGROUND. ............................................ 2

III.  CONSIDERATIONS OF WHETHER A PLAINTIFF HAS "ARTICLE
      III" STANDING NECESSARY TO PURSUE A CLAIM IN FEDERAL
      COURT HAVE NO APPLICATION IN THIS STATE COURT
      PROCEEDING................................................................................ 4

      A.   The United States Supreme Court has recognized that
           Article III standing considerations have no application
           in state court proceedings. ...................................................... 4

      B.   The California Supreme Court and intermediate
           appellate courts have recognized that that Article III
           has no application in state court actions.................................. 5

      C.   Defendant's Petition is based on its "injury in fact"
           argument, which improperly conflates the Article III
           standing requirements, inapplicable in this case, with
           the "statutory standing" requirements, which are met
           in this case. .............................................................................. 7

IV.   "STATUTORY STANDING," THE ABILITY TO ASSERT A
      STATUTORILY-BASED CAUSE OF ACTION, IS DETERMINED
      FROM THE STATUTORY LANGUAGE AS WELL AS THE
      UNDERLYING LEGISLATIVE INTENT AND THE PURPOSE OF THE
      STATUTE....................................................................................... 8

      A.   The purpose underlying the FCRA and the applicable
           statutory text. ........................................................................... 9

           1.   The statutory background of the FCRA. ...................... 9

           2.   The applicable statutory text. ..................................... 10

      B.   Defendant's violation of Section 1681b(b)(1). ..................... 12

      C.   Section 1681n authorizes any "consumer" to recover
           for statutory damages for the willful violation of any
           provision of the FCRA without any showing of an
           "injury in fact," "actual injury" or "causation."..................... 14

i

V.     PLAINTIFF HAS THE RIGHT TO SUE FOR DEFENDANT'S
       ALLEGED VIOLATION OF THE FCRA BECAUSE PLAINTIFF
       FALLS WITHIN THE CLASS OF PLAINTIFFS WHOM CONGRESS
       HAS AUTHORIZED TO SUE UNDER SECTION 1681N. ........................... 17

       A.     Plaintiff falls within the class of plaintiffs who
              Congress has authorized to sue under Section 1681n. .......... 17

       B.     Contrary to Defendant's contention, Plaintiff is not
              required to allege or demonstrate that she sustained
              some form of "actual harm" that was "caused by"
              Defendant's violations in order to recover statutory
              damages under the FCRA. .................................................. 21

              1.     Numerous cases construing Section 1681n have held
                     that a plaintiff alleging the violation of a FCRA
                     provision is not required to prove "actual injury." ..... 21

              2.     Federal courts construing other consumer protection
                     statutes that provide for statutory damages have found
                     that neither reliance, actual damages, nor proximate
                     causation are elements of such statutory damage
                     claims. ................................................................... 24

VI.    THE CASES CITED BY DEFENDANT ARE INAPPOSITE. ........................ 27

VII.   CONCLUSION. ................................................................................ 31

**Table of Authorities**

C<small>ASES</small>

*Amason v. Kangaroo Exp.* (N.D. Ala., Mar. 11, 2013, No. 7:09-CV-2117-RDP) 2013 WL 987935 ...................................................................... 30

*Ashby v. Farmers Ins. Co. of Oregon* (D. Or. 2008) 592 F.Supp.2d 1307 . 25

*Bateman v. American Multi-Cinema, Inc.* (9th Cir. 2010) 623 F.3d 708 ... 17, 23

*Beaudry v. TeleCheck Services, Inc.* (6th Cir. 2009) 579 F.3d 702 ............ 17

*Boorstein v. CBS Interactive, Inc.* (2013) 222 Cal.App.4th 456 ................. 10

*California Water & Telephone Co. v. County of Los Angeles* (1967) 253 Cal.App.2d 16 ...................................................................................... 9

*Campbell v. Hope Community Credit Union* (W.D. Tenn., Feb. 8, 2012, No. 10-2649-STA) 2012 WL 423432 .......................................................... 30

*Dryden v. Lou Budke's Arrow Finance Co.* (8th Cir. 1980) 630 F.2d 641 . 17

*Edwards v. First American Corp.* (9th Cir. 2010) 610 F.3d 514 ................ 27

*Gillespie v. Equifax Information Services, LLC* (N.D. Ill., Oct. 15, 2008, No. 05 C 138) 2008 WL 4614327 ......................................................... 26

*Gilroy v. Ameriquest Mortg. Co.* (D.N.H. 2009) 632 F.Supp.2d 132 ......... 28

*Grosset v. Wenaas* (2008) 42 Cal.4th 1100 .................................................. 5

*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297 ...................... 9

*In re New Century TRS Holdings, Inc.* (Bankr. D. Del. 2013) 495 B.R. 625 ............................................................................................................ 28

*In re Regions Bank ATM Fee Notice Litigation* (S.D. Miss., Sept. 12, 2011, No. 2:11-CV-1000-KS-MTP) 2011 WL 4036691 ................................ 31

*Jasmine Networks, Inc. v. Superior Court* (2009) 180 Cal.App.4th 980 ...... 5

*Kinder v. Dearborn Federal Sav. Bank* (E.D. Mich., Dec. 20, 2011, No. 10-12570) 2011 WL 6371184 ................................................................ 30

*Kirchner v. First Advantage Background Services Corp.* (E.D. Cal., Nov. 14, 2016, No. CV 2:14-1437 WBS EFB) 2016 WL 6766944 ................... 2

*Lexmark Intern., Inc. v. Static Control Components, Inc.* (2014) 134 S.Ct. 1377 ............................................................................... 1, 19, 20, 31

*Lujan v. National Wildlife Federation* (1990) 497 U.S. 871 ...................... 22

iii

*Mabary v. Hometown Bank, N.A.* (S.D. Tex. 2012) 888 F.Supp.2d 857 .... 30

*McMartin v. Children's Institute International* (1989) 212 Cal.App.3d 1393, 1407 [261 Cal.Rptr. 437] ................................................................. 34

*Midpeninsula Citizens for Fair Housing v. Westwood Investors* (1990) 221 Cal.App.3d 1377, 1382–83 [271 Cal.Rptr. 99], *reh'g denied and opinion modified (July 31, 1990)* .................................................... 35

*Municipal Court v. Superior Court* (1988) 202 Cal.App.3d 957 ................. 9

*Murray v. GMAC Mortg. Corp.* (7th Cir. 2006) 434 F.3d 948 ............. 17, 24

*Murray v. New Cingular Wireless Services, Inc.* (N.D. Ill. 2005) 232 F.R.D. 295 ................................................................................................... 26

*New York State Club Ass'n, Inc. v. City of New York* (1988) 487 U.S. 1 ...... 4

*Osborne v. Yasmeh* (2016) 1 Cal.App.5th 1118 ......................................... 10

*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158 ........................................................................................................ 9

*Pinkett v. Moolah Loan Co.* (N.D. Ill., Nov. 2, 1999, No. 99C2700) 1999 WL 1080596 ........................................................................................ 27

*Ramirez v. Midwest Airlines, Inc.* (D. Kan. 2008) 537 F.Supp.2d 1161 ..... 24

*Schnall v. Amboy Nat. Bank* (3d Cir. 2002) 279 F.3d 205 .......................... 28

*Secretary of State of Md. v. Joseph H. Munson Co., Inc.* (1984) 467 U.S. 947 ..................................................................................................... 5

*Shelley v. AmSouth Bank* (S.D. Ala., July 24, 2000, No. CIV.A.97-1170-RV-C) 2000 WL 1121778 ................................................................... 29

*Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540 ............................................ 8

*Surrey v. TrueBeginnings* (2008) 168 Cal.App.4th 414 ............................ 10

*Syed v. M-I LLC* (E.D. Cal., Oct. 23, 2014, No. CIV. 1:14-742 WBS) 2014 WL 5426862 ...................................................................................... 15

*Thomas v. FTS USA, LLC* (E.D. Va., June 30, 2016, No. 3:13-CV-825) 2016 WL 3653878 .............................................................................. 10

*Ticknor v. Rouse's Enterprises, LLC* (E.D. La., May 2, 2014, No. 12-1151) 2014 WL 1764738 ............................................................................. 26

*Troy v. Home Run Inn, Inc.* (N.D. Ill., Apr. 14, 2008, No. 07C4331) 2008 WL 1766526 ...................................................................................... 26

*Two Jinn, Inc. v. Government Payment Service, Inc.* (2015) 233 Cal.App.4th 1321, 1344–45 [183 Cal.Rptr.3d 432, 450] ....................... 32

*Zabienski v. ONB Bank and Trust* (N.D. Okla., Aug. 20, 2012, No. 12-CV-
    0130-CVE-TLW) 2012 WL 3583020 ................................................... 30

### STATUTES

15 U.S.C. § 1681b(c)(1)(B)(i) ...................................................................... 24

15 U.S.C. § 1681n(a)(1)(A) .......................................................................... 16

15 U.S.C. Section 1681b(b) .......................................................................... 12

15 U.S.C. Section 1681b(b)(1) .............................................................. 13, 21

15 U.S.C. Section 1681p ................................................................................ 2

15 U.S.C.A. § 1125 ...................................................................................... 31

15 U.S.C.A. § 1640(a)(2)(A) ....................................................................... 28

15 U.S.C.A. § 1681n ..................................................................................... 22

Code Civ. Proc., § 367 ................................................................................... 8

### OTHER AUTHORITIES

3 Witkin, Cal. Procedure (4th ed. 1996) Actions, §§ 73-74 .......................... 9

A *Sutherland Statutes and Statutory Construction* § 21:14 (7th ed. 2009). 16

## I.    INTRODUCTION.

The Petition of Defendant First Advantage LNS Screening Solutions, Inc. ("Defendant") is a manifestly disingenuous attempt by Defendant to improperly conflate the federal Article III standing standard (which has no application whatsoever in California courts) with the concept of "statutory standing," which merely involves the question of whether the plaintiff has stated a claim under the relevant statute.

Contrary to Defendant's baseless argument, a plaintiff seeking to recover statutory damages based on a defendant's willful violation of the Fair Credit Reporting Act (the "FCRA") is not required to allege or demonstrate that she has sustained and "injury in fact" or an "actual injury" proximately caused by the Defendant's violation. Rather, a FCRA plaintiff need only show that he or she is a "consumer" as defined by the FCRA and that the defendant violated an obligation under the FCRA.

Defendant's reliance on the Supreme Court's decision in *Lexmark Intern., Inc. v. Static Control Components, Inc.* (2014) 134 S.Ct. 1377, 1387–88 [188 L.Ed.2d 392] is completely misplaced, because that case involved a statute that, unlike the FCRA, only authorized the recovery of compensatory damages.

In fact, Defendant has cited no federal or state court case whatsoever that holds that a FCRA plaintiff must allege "actual injury" in order to recover statutory damages. Indeed, every case that has addressed the issue has found that no "actual injury" is required to recover statutory damages for a willful violation of the FCRA

Defendant's Petition should therefore be denied.

1

## II.    PROCEDURAL BACKGROUND.

This is an action for Defendant's violation of the Fair Credit Reporting Act (the "FCRA"). 15 U.S.C. Section 1681p provides that an action for violation of the FCRA may be brought in a federal district court or "in any other court of competent jurisdiction."[1] Thus, California state courts have concurrent jurisdiction over Plaintiff's claim.

Plaintiff originally filed this action in this court on August 17, 2015. Defendant thereafter filed a notice of removal based on "federal question" grounds with the District Court for the Northern District of California.[2] When the district court raised the issue of whether Plaintiff had "Article III" standing under the federal Constitution sufficient to allow the claim to remain in federal court, Defendant conceded that the federal court had no jurisdiction over the claim in the first place, and the case was remanded to this Court, as required by federal law, on September 2, 2016.

Defendant then filed a motion for judgment on the pleadings, arguing that Plaintiff had failed to allege facts sufficient to state a cause of action

---

[1] "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction . . ."

[2] Whether or not the district court has Article III jurisdiction over the types of claims asserted by Plaintiff in this case against Defendant is currently an issue on appeal before the Ninth Circuit. In *Kirchner v. First Advantage Background Services Corp.* (E.D. Cal., Nov. 14, 2016, No. CV 2:14-1437 WBS EFB) 2016 WL 6766944, the plaintiff sued Defendant in the Eastern District of California for its Section1681b(b)(1) violations. The district court dismissed the case for lack of jurisdiction on Article III grounds, and the plaintiff appealed to the Ninth Circuit. (See Request for Judicial Notice.) Thus, the issue of whether Plaintiff has Article III standing sufficient to enable him to pursue the case in ***federal court***, has not been conclusively decided by any federal court of appeal.

2

for Defendant's violation of the FCRA. In an obvious attempt to obfuscate the only issue before the court, Defendant argued that because the federal district court had determined that Plaintiff did not have the "Article III" standing necessary for Plaintiff to pursue a FRCA claim in *federal court*, the federal court's finding necessarily meant that Plaintiff could not pursue her claim in a California court.

The trial court properly rejected Defendant's contentions, holding that the requirements of Article III had no application to this state court action and that Plaintiff had alleged sufficient acts to state a cause of action for the recovery of statutory damages under Section 1681n for Defendant's violation of Section 1681b(b)(1).

It its Petition, Defendant once again erroneously argues that the "injury in fact" element necessary to prosecute a claim in federal court must also be met in order to prosecute a claim in state court.[3]

Notwithstanding Defendant's attempt to confuse and conflate the concept of federal Article III standing with the completely separate issue of "statutory standing," *i.e.*, whether Plaintiff has stated a claim under the FCRA, the law is clear that Article III considerations are completely irrelevant in this state court proceeding. The only issue before this Court is whether Plaintiff has alleged sufficient facts to state a cause of action for the recovery of statutory damages under the FCRA.

Under the provisions of the FCRA at issue in this case, a plaintiff seeking statutory damages need only allege that he or she is a "consumer"

---

[3] As discussed below, Defendant's misguided and baseless attempt to graft requirements of "injury in fact" and "proximate cause" and "actual damages" onto Plaintiff's claim for statutory damages is transparent attempt to confuse this Court and has no support in any case law.

3

and that Defendant willfully violated its obligations under the FCRA. Contrary to Defendant's contention, the statute simply does not require any showing of an "injury in fact," "proximate cause" or "actual injury" to recover statutory damages.

As Plaintiff demonstrates below, Plaintiff has alleged sufficient facts to state such a claim under the FCRA.

### III.   CONSIDERATIONS OF WHETHER A PLAINTIFF HAS "ARTICLE III" STANDING NECESSARY TO PURSUE A CLAIM IN FEDERAL COURT HAVE NO APPLICATION IN THIS STATE COURT PROCEEDING.

#### A.   The United States Supreme Court has recognized that Article III standing considerations have no application in state court proceedings.

The United States Supreme Court has repeatedly stated that state courts are not bound by the federal "case or controversy" requirement, even when adjudicating federal questions. As the Court held in *New York State Club Ass'n, Inc. v. City of New York* (1988) 487 U.S. 1, 8 [108 S.Ct. 2225, 2231, 101 L.Ed.2d 1]:

> . . . the special limitations that Article III of the Constitution imposes on the jurisdiction of the federal courts are not binding on the state courts. [Citation.] The States are thus left free as a matter of their own procedural law to determine whether their courts may issue advisory opinions or to determine matters that would not satisfy the more stringent requirement in the federal courts that an actual "case" or "controversy" be presented for resolution.

(*See also Secretary of State of Md. v. Joseph H. Munson Co., Inc.* (1984) 467 U.S. 947, 971 [104 S.Ct. 2839, 2854, 81 L.Ed.2d 786] (Stevens, J., concurring).

4

**B.**     **The California Supreme Court and intermediate appellate courts have recognized that that Article III has no application in state court actions.**

In *Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1117 [72 Cal.Rptr.3d 129, 142, 175 P.3d 1184], the California Supreme Court also recognized that Article III had no application in state court proceedings:

> Article III of the federal Constitution imposes a "case-or-controversy limitation on federal court jurisdiction," requiring "'the party requesting standing [to allege] "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues.' " " (*Gollust, supra,* 501 U.S. at pp. 125–126, 111 S.Ct. 2173.) There is no similar requirement in our state Constitution. (*National Paint & Coatings Assn. v. State of California* (1997) 58 Cal.App.4th 753, 761, 68 Cal.Rptr.2d 360.)

In *Jasmine Networks, Inc. v. Superior Court* (2009) 180 Cal.App.4th 980, 990–93 [103 Cal.Rptr.3d 426, 432–35], the Court explained the concept of "standing" and how the federal standards have no application to state court cases:

> Properly understood, the concept of "standing" contemplates a requirement that the plaintiff "establish an entitlement to judicial action, *separate from proof of the substantive merits* of the claim advanced." (13A Wright & Miller, Fed. Practice & Proc. (3d ed.2008) § 3531, p. 6; italics added.) This concept "has been largely a creature of twentieth century decisions of the federal courts." (*Ibid.;* italics added, fn. omitted.) It is rooted in the *constitutionally limited subject matter jurisdiction* of those courts. (See *id.* at p. 9, italics added ["The threshold requirements are attributed to the 'case' and 'controversy' terms that define the federal judicial power in Article III. Absent constitutional standing, *the courts believe they lack power ... to entertain the proceeding.*"]; see 13 Wright & Miller, *supra,* § 3522, pp. 103–104 [presumption that federal court lacks subject matter jurisdiction].) But as our Supreme Court has written, no such wariness surrounds the subject matter jurisdiction of California courts: "Article III of the federal Constitution imposes a 'case-or-controversy limitation on federal court jurisdiction,' requiring '

5

"the party requesting standing [to allege] 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues.' " ' [Citation.] There is no similar requirement in our state Constitution. [Citation.]" (*Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1117, fn. 13, 72 Cal.Rptr.3d 129, 175 P.3d 1184; see Cal. Const., art. VI, § 10 [empowering superior court to adjudicate any "cause" brought before it]; *National Paint & Coatings Assn. v. State of California* (1997) 58 Cal.App.4th 753, 761, 68 Cal.Rptr.2d 360 [rejecting claimed standing requirement based on federal citations; California Constitution "contains no 'case or controversy' requirement"]; *Connerly v. State Personnel Bd.* (2001) 92 Cal.App.4th 16, 29, 112 Cal.Rptr.2d 5 [following *National Paint* ].)

Even in the federal courts' the notion of "standing" is nebulous, its application controversial. "The term started out as a nonspecific metaphor, gained currency in equity, and only later became a constitutional doctrine." (Winter, *The Metaphor of Standing and the Problem of Self–Governance* (1988) 40 Stanford L.Rev. 1371, 1417 (*Metaphor*).) Its early usage was largely in reference to the plaintiff's entitlement to *relief,* particularly in proceedings *in equity,* which were in those days constrained by many factors, some of which reflected the highly artificial separation between proceedings in equity and actions at law. (*Id.* at pp. 1422–1424.) Although these limitations were sometimes described as *jurisdictional,* some of the best legal minds criticized such a view. (*Id.* at p. 1425, quoting *Massachusetts State Grange v. Benton* (1926) 272 U.S. 525, 528, 47 S.Ct. 189, 71 L.Ed. 387 (opn. of Holmes, J.) [" 'Courts sometimes say that there is no jurisdiction in equity when they mean only that equity ought not to give the relief asked.' "].) The metaphor of "standing" nonetheless exerted an "overpowering" influence on the judicial mind: " 'A standing in court' sounds like a question of jurisdiction because standing up is a prerequisite to being heard in court. Justice Holmes, Pomeroy, and the Supreme Court did battle with the metaphor, but lost. 'Standing' became a question of jurisdiction in the more fundamental sense of justiciability under article III." (*Metaphor, supra,* 40 Stanford L.Rev. at p. 1425.)

The Court went on to explain that under California law the only "standing" requirement is that the action be prosecuted "in the name of the real party in interest":

> Defendants suggest that a "standing" requirement arises in California courts by virtue of Code of Civil Procedure section 367 (§ 367), which states that except as otherwise provided by statute, every action "must be prosecuted in the name of the real party in interest." This provision is not the equivalent of, and provides no occasion to import, federal-style "standing" requirements. Again, the federal doctrine requires plaintiffs—or some of them—to "establish an entitlement to judicial action, *separate from proof of the substantive merits* of the claim advanced."[4] (13A Wright & Miller, Fed. Practice & Proc., *supra,* § 3531, p. 6; italics added.) **In contrast, section 367 simply requires that the action be maintained *in the name of* "[t]he person who has the right to sue *under the substantive law.*"** (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 121, p. 187; italics added.) Thus if the plaintiff has a cause of action in his own right, and he pursues it in his own name, section 367 poses no obstacle to maintenance of the action. The application of the statute, "while superficially concerned with procedural rules, really calls for a consideration of rights and obligations." (4 Witkin, *supra,* Pleading, § 121, p. 187.) (Bolded emphasis added.)

**C.   Defendant's Petition is based on its "injury in fact" argument, which improperly conflates the Article III standing requirements, inapplicable in this case, with the "statutory standing" requirements, which are met in this case.**

In a blatant attempt to obfuscate the issue before this Court, Defendants argues, without the support of any applicable authority, that "Plaintiff Is Outside The Zone of Interests Because She Does Not Have An Injury In Fact." (Brief, pages 27-30.) But it is clear from Defendant's citation to the Court's decision in *Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540 [194 L.Ed.2d 635], *as revised (May 24, 2016)* that the entire discussion of whether Plaintiff has alleged an "injury in fact" is relevant

7

only to the issue whether a federal court has the requisite jurisdiction under Article III, an issue that does not exist in this case because this case is in state court, not federal court. As discussed below, Plaintiff does fall within the "zone of interests" the FCRA was enacted to protect.

IV.   **"STATUTORY STANDING," THE ABILITY TO ASSERT A STATUTORILY-BASED CAUSE OF ACTION, IS DETERMINED FROM THE STATUTORY LANGUAGE AS WELL AS THE UNDERLYING LEGISLATIVE INTENT AND THE PURPOSE OF THE STATUTE.**

Under California law, a named plaintiff must have standing to prosecute an action. (Code Civ. Proc., § 367 [requiring that an action "be prosecuted in the name of the real party in interest, except as otherwise provided by statute"].) "As a general principle, standing to invoke the judicial process requires an actual justiciable controversy as to which the complainant has a real interest in the ultimate adjudication because he or she has either suffered or is about to suffer an injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented to the adjudicator." (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 314–16 [109 Cal.Rptr.2d 154]; *see also Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 169-72 [188 Cal.Rptr. 104, 655 P.2d 306]; *Municipal Court v. Superior Court* (1988) 202 Cal.App.3d 957, 960-64 [249 Cal.Rptr. 182]; *California Water & Telephone Co. v. County of Los Angeles* (1967) 253 Cal.App.2d 16, 22 [61 Cal.Rptr. 618]; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, §§ 73-74, pp. 132-135.)

As the Court observed in *Holmes, supra*:

> To have standing, a party must be beneficially interested in the controversy; that is, he or she must have "some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large." (*Carsten v. Psychology Examining Com.* (1980) 27 Cal.3d

8

793, 796 [166 Cal.Rptr. 844, 614 P.2d 276].) The party must be able to demonstrate that he or she has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical. *A complaining party's demonstration that the subject of a particular challenge has the effect of infringing some constitutional or statutory right may qualify as a legitimate claim of beneficial interest sufficient to confer standing on that party.* (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 361-363 [87 Cal.Rptr.2d 654, 981 P.2d 499].) (Emphasis added.)

"The prerequisites for standing to assert statutorily-based causes of action are to be determined from the statutory language, as well as the underlying legislative intent and the purpose of the statute. [Citation.]" (*Surrey v. TrueBeginnings* (2008) 168 Cal.App.4th 414, 417–18 [85 Cal.Rptr.3d 443, 445]; *see also Osborne v. Yasmeh* (2016) 1 Cal.App.5th 1118, 1125 [205 Cal.Rptr.3d 656, 662]; *Boorstein v. CBS Interactive, Inc.* (2013) 222 Cal.App.4th 456, 466 [165 Cal.Rptr.3d 669, 675].)

Here, it is clear that Plaintiff's rights under the FCRA were violated by Defendant.

## A.     The purpose underlying the FCRA and the applicable statutory text.

### 1.     The statutory background of the FCRA.

In *Thomas v. FTS USA, LLC* (E.D. Va., June 30, 2016, No. 3:13-CV-825) 2016 WL 3653878, at *7–8, the court recited the history of the FCRA and the rights created by it:

The legislative history of the FCRA underscores the nature and importance of the rights created by the statutory text. . . .

With the advent of these "computerized data banks," Congress "found that in too many instances agencies were reporting inaccurate information that was adversely affecting the ability of individuals to obtain employment." Dalton, 257 F.3d at 414. Therefore, Congress sought "to prevent consumers from being

9

unjustly damaged because of inaccurate or arbitrary information," and "to prevent an undue invasion of the individual's right of privacy in the collection and dissemination of credit information." Senate Report at 1 (emphasis added).

. . .

Congress added §§ 1681b(b)(2) and (b)(b)(3) in 1994 to advance those objectives. The House Committee stated that those provisions:

> prohibit a person from procuring a consumer report on a consumer for employment purposes unless it has been clearly and conspicuously disclosed to the consumer that the report may be obtained for such purposes and the consumer affirmatively consents, in writing, to the procurement of the consumer report. The disclosure must be made in writing in a document that consists solely of the disclosure. Consequently, an employer could not make the disclosure in either a job application or an employee manual...

. . .

In sum, the FCRA reflects Congress' concern with the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a ***respect for the consumer's right to privacy***." 15 U.S.C. § 1681(a)(4). It is clear from the statute's legislative history that Congress intended that the FCRA be construed to promote the credit industry's responsible dissemination of accurate and relevant information and to ***maintain the confidentiality*** of consumer reports. To that end, it was Congress' judgment, as clearly expressed in §§ 1681b(b)(2) and (3), to afford consumers rights to information and privacy. (Emphasis added.)

## 2.    The applicable statutory text.

15 U.S.C. Section 1681b(b) of the FCRA regulates the conduct of "persons" who furnish or use a "consumer report" for employment purposes as follows:

> (b) Conditions for furnishing and using consumer reports for employment purposes

10

(1) Certification from user

*A consumer reporting agency may furnish a consumer report for employment purposes only if --*

    (A) the person who obtains such report from the agency certifies to the agency that--

        (i) the person **has complied** with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and

        (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and

    (B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

(2) Disclosure to consumer

    (A) In general

    Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--

        (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

        (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. . . . (Emphasis added.)

11

### B.   Defendant's violation of Section 1681b(b)(1).

In this case, Defendant was a consumer reporting agency ("CRA") that "furnished" a consumer report concerning Plaintiff and other class members to prospective or current employers. (Complaint, ¶ 10.)

Pursuant to Section 1681b(b)(1), Defendant was not authorized to "furnish" a consumer report regarding Plaintiff to any person for employment purposes unless and until such person "certified" to First Advantage that it --

> (i) *has complied* with paragraph (2) with respect to the consumer report, and the person *will comply* with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and
>
> (ii) information from the consumer report *will not be used* in violation of any applicable Federal or State equal employment opportunity law or regulation . . . (Emphasis added.)

Plaintiff alleges that First Advantage willfully violated its obligations under Section 1681b(b)(1):

> 5.   Defendant First Advantage LNS Screening Solutions, Inc. ("First Advantage") is a "person" as defined by the FCRA. At all times relevant hereto, First Advantage was a "consumer reporting agency" governed by the FCRA. During the relevant time, First Advantage was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. Section 1681(d), to third parties, including Pacific Hotel Management, LLC for employment purposes. First Advantage furnished consumer reports to Pacific Hotel Management, LLC concerning Plaintiff and other class members and also furnished consumer reports to other persons concerning class members for employment purposes.
>
> . . .

12

9. On or about September 17, 2012, Pacific Hotel Management, LLC procured or caused to be procured a consumer report regarding Plaintiff from First Advantage.

10. Defendants violated Section 1681b(b)(1) by furnishing consumer reports regarding Plaintiff and other class members for employment purposes to Pacific Hotel Management, LLC and others without first obtaining from Pacific Hotel Management, LLC and other persons to whom Defendants furnished such reports a certification by such person as to each consumer report it furnished to such person that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

11. Defendants knew or should have known about their legal obligations under the FCRA. The language of Section 1681b(b)(1) is plain and clearly ascertainable. According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if -- (A) the person who obtains such report from the agency certifies to the agency that-- (i) the person *has complied* with paragraph (2) *with respect to the consumer report*, and the person *will comply* with paragraph (3) *with respect to the consumer report* if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation." (Emphasis added.) Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these obligations.

12. Despite knowing of these legal obligations, Defendants intentionally or recklessly acted consciously in breaching their known duties and depriving Plaintiff and other Class members their rights under the FCRA. Plaintiff believes that Defendants did not obtain proper and valid certifications before providing consumer reports to those persons to whom they were provided because Defendants did not want to incur the expenses associated with obtaining such certifications as to each consumer as to whom a consumer report was generated and provided by Defendants.

13. As a result of these FCRA violations, Defendants are liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o. (Complaint.)

These allegations clearly establish First Advantage's violation of its obligations under the FCRA. Indeed, in *Syed v. M-I LLC* (E.D. Cal., Oct. 23, 2014, No. CIV. 1:14-742 WBS) 2014 WL 5426862, at *4–6, *rev'd and remanded* (9th Cir. 2017) 846 F.3d 1034, the Court rejected a claim by a CRA that a "prospective blanket" certification that an employer "would comply" with its obligations was sufficient under Section 1681b(b)(1) and rejected the CRA's contention that its violation was not willful as a matter of law.

**C.      Section 1681n authorizes any "consumer" to recover for statutory damages for the willful violation of any provision of the FCRA without any showing of an "injury in fact," "actual injury" or "causation."**

15 U.S.C.A. § 1681n provides in relevant part that "any consumer" may obtain statutory damages against "any person who willfully fails to comply with any requirement imposed under this subchapter with respect to" such consumer:

(a) In general

Any person who ***willfully fails to comply with any requirement imposed under this subchapter <u>with respect to any consumer</u>*** is liable to that consumer in an amount equal to the sum of--

(1)(A) any actual damages sustained by the consumer as a result of the failure ***<u>or damages of not less than $100 and not more than $1,000</u>***; . . .;

(2) such amount of punitive damages as the court may allow; and

14

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

. . . (Emphasis added.)

Thus, in order to obtain statutory damages, Plaintiff need only show that she was a "consumer" (which she alleges in paragraph 2 of the Complaint), and that Defendant willfully violated the provisions of Section 1681b(b)(1) as to the provision of a consumer report concerning Plaintiff to Plaintiff's employer (which she alleges in the Complaint at paragraphs 9 - 13.)

Moreover, the plain language of Section 1681n permits recovery of statutory damages in the absence of actual damages. The FCRA liability provision permits a consumer to recover "any actual damages . . . *or* damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (emphasis added).

It is noteworthy that Congress described these permissible damages in the disjunctive, which indicates that a consumer can bring a claim to recover statutory damages "of not less than $100 and not more than $1,000" as an alternative to a claim for actual damages. *See* 1A *Sutherland Statutes and Statutory Construction* § 21:14 (7th ed. 2009) ("The use of the disjunctive usually indicates alternatives and requires that those alternatives be treated separately."); *Dryden v. Lou Budke's Arrow Finance Co.* (8th Cir. 1980) 630 F.2d 641, 647 ("[Truth in Lending Act] plaintiffs, otherwise entitled to recover, need not show that they sustained actual damages stemming from the TILA violations proved before they may recover the statutory damages the Act also provides for."); *Murray v. GMAC Mortg. Corp.* (7th Cir. 2006) 434 F.3d 948, 952–53 ("That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act

15

provide for modest damages *without proof of injury*." (emphasis added).);
*Bateman v. American Multi-Cinema, Inc.* (9th Cir. 2010) 623 F.3d 708, 719
("Congress expressly created a statutory damages scheme that intended to
compensate individuals for actual or potential damages resulting from
FACTA violations, without requiring individuals to prove actual harm.")

In *Beaudry v. TeleCheck Services, Inc.* (6th Cir. 2009) 579 F.3d 702,
705–06, the Court rejected the argument that a plaintiff must prove
consequential damages in order to recover statutory damages:

> Section 1681n, which creates the cause of action for willful
> violations, also does not impose the consequential-damages
> requirement that defendants wish to add to the statute. "Any
> consumer," it says, may sue to recover "any actual damages ... *or*
> damages of not less than $100 and not more than $1000" from
> "[a]ny person who willfully fails to comply with any requirement
> imposed under [the FCRA] with respect to [that] consumer." 15
> U.S.C. § 1681n(a)(1)(A) (emphasis added). Because "actual
> damages" represent an *alternative* form of relief and because the
> statute permits a recovery when there are no identifiable or
> measurable actual damages, this subsection implies that a
> claimant need not suffer (or allege) consequential damages to file
> a claim. A comparison with § 1681o buttresses the point:
> Congress excluded the statutory-damages option in negligence
> cases. "Where Congress includes particular language in one
> section of a statute but omits it in another section of the same
> Act, it is generally presumed that Congress acts intentionally and
> purposely in the disparate inclusion or exclusion." *Russello v.
> United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17
> (1983) (internal quotation marks omitted).

Here, there is nothing "opaque" about Section 1681n. Congress
certainly could have limited the right to recover statutory damages to a
consumer who had been "actually injured" as the result of a violation of a
provision of the FCRA. It did not do so, however. Rather, Congress clearly
provided that *statutory* damages are available to "any consumer" who has
been the subject of a willful violation. It did not require that such consumer

16

sustain "actual injury" that was "caused by" such violation. Plaintiff has alleged such a willful violation in this case, and has therefore stated a cause of action.

## V. PLAINTIFF HAS THE RIGHT TO SUE FOR DEFENDANT'S ALLEGED VIOLATION OF THE FCRA BECAUSE PLAINTIFF FALLS WITHIN THE CLASS OF PLAINTIFFS WHOM CONGRESS HAS AUTHORIZED TO SUE UNDER SECTION 1681N.

### A. Plaintiff falls within the class of plaintiffs who Congress has authorized to sue under Section 1681n.

"Statutory standing" in reality simply involves the inquiry of whether the plaintiff has stated a cause of action under the federal statute at issue, *i.e.*, whether Plaintiff falls within the class of plaintiffs whom Congress has authorized to sue under Section 1681n. (*Lexmark Intern., Inc. v. Static Control Components, Inc.* (2014) 134 S.Ct. 1377, 1387–88 [188 L.Ed.2d 392].)[4]

---

[4] In *Lexmark*, the Court observed that the phrase "statutory standing" was actually misleading:

> We have on occasion referred to this inquiry as "statutory standing" and treated it as effectively jurisdictional. See, *e.g., Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 97, and n. 2, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); cases cited *id.,* at 114–117, 118 S.Ct. 1003 (Stevens, J., concurring in judgment). That label is an improvement over the language of "prudential standing," since it correctly places the focus on the statute. ***But it, too, is misleading, since "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case.'* "** *Verizon Md. Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 642–643, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (quoting *Steel Co.,supra,* at 89, 118 S.Ct. 1003); see also *Grocery Mfrs. Assn. v. EPA,* 693 F.3d 169, 183–185 (Kavanaugh, J., dissenting), and cases cited therein; Pathak, Statutory Standing and the Tyranny of Labels, 62 Okla. L.Rev. 89, 106 (2009). (*Lexmark Intern., Inc. v. Static*

17

In *Lexmark*, the issue before the Court was whether Static Control Components, Inc. could sue Lexmark International, Inc., for false advertising under the Lanham Act, 15 U.S.C. § 1125(a). The Court, rejecting Lexmark's "prudential standing" arguments, clarified that the issue before it was whether Static Control had a cause of action under the statute:

> In sum, the question this case presents is whether Static Control falls within the class of plaintiffs whom Congress has authorized to sue under § 1125(a). In other words, we ask whether Static Control has a cause of action under the statute.[4] That question requires us to determine the meaning of the congressionally enacted provision creating a cause of action. In doing so, we apply traditional principles of statutory interpretation. We do not ask whether in our judgment Congress *should* have authorized Static Control's suit, but whether Congress in fact did so. Just as a court cannot apply its independent policy judgment to recognize a cause of action that Congress has denied, see *Alexander v. Sandoval,* 532 U.S. 275, 286–287, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001), it cannot limit a cause of action that Congress has created merely because "prudence" dictates.

The Court concluded that Static Control came within the class of plaintiffs whom Congress authorized to sue under § 1125(a).

Although Defendant heavily relies on the Court's decision in *Lexmark* in an attempt to "graft" onto Plaintiff's claim for statutory damages in this case the requirement of an "injury in fact," "actual harm" and "proximate cause," the trademark statute in *Lexmark* did not provide for "statutory" damages that, by specific statutory language, were recoverable without any showing of actual injury or causation. Rather, the trademark statute in

---

*Control Components, Inc.* (2014) 134 S.Ct. 1377, 1388 [188 L.Ed.2d 392] (emphasis added).)

18

*Lexmark* only authorized a plaintiff to recover **compensatory damages** that resulted from a violation of the statute.[5]

Here, a FCRA plaintiff is entitled to seek **either** compensatory damages **or** statutory damages. While a plaintiff seeking compensatory damages would be required to show "actual injury" that was "caused by the violation," Congress also specifically allowed for the recovery of statutory damages and did not require that a plaintiff seeking such damages show "actual injury" or "causation."

Congress certainly could have conditioned a plaintiff's right to recover statutory damages on a showing that he sustained actual damages as the result of the defendant's violation. Congress did not do so, however. Rather, the only requirements set forth in the section 1681n for the recovery of statutory damages are the plaintiff's status as a consumer and Defendant's willful violation of the statute. The phantom elements of an "injury in fact," "actual injury" or "proximate causation" that Defendant improperly reads into Section 1681n are simply not required by the express language of the statute in order for a plaintiff to recover statutory damages for a defendant's violation of its obligations under Section 1681b(b)(1).

Defendant does not and cannot dispute that one of the primary reasons underlying the enactment of the FCRA was to protect the privacy interests of those employees as to whom consumer reports are generated. To further

--------

[5] The Court found, based on the express language of the statute, that "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." (*Lexmark Intern., Inc. v. Static Control Components, Inc.* (2014) 134 S.Ct. 1377, 1390 [188 L.Ed.2d 392].)

Section 1681n does not require a showing of actual injury in order to recover statutory damages.

the protection of such privacy interests, and to prevent the risk of the disclosure of private information without compliance with the requisite statutory safeguards, the express provisions of Section 1681b(b)(1) require that a credit reporting agency ("CRA"), such as Defendant, obtain a certification from a party to whom it intends to provide a consumer report that it has complied with its obligations *before providing such report.*

The *risk* that a consumer's privacy interests will be violated if this provision is violated is manifest – without obtaining such certification, the CRA does not know whether the person procuring the report has made the requisite written disclosure ("in a document consisting solely of the disclosure") and obtained the requisite written consent.

Here, there is no dispute that Plaintiff was the intended beneficiary of this protective provision and that Defendant's violation of its obligations resulted in the "risk" that Plaintiff's privacy rights may be violated. Whether Plaintiff, in fact, suffered any "actual harm" as a result of Defendant's violation is simply irrelevant because Section 1681n authorizes "statutory damages," the recovery of which is not dependent on any showing of "actual harm" that was "caused" by the violation.

In this case, there is no question that Plaintiff falls within the class of plaintiffs whom Congress has authorized to sue for and recover statutory damages under Section 1681n – Plaintiff is a "consumer" as to whom Defendant violated its statutory obligations under Section 1681b(b)(1). Accordingly, Plaintiff has stated a cause of action for the recovery of statutory damages for Defendant's violation of Section 1681b(b)(1).

   **B.**     **Contrary to Defendant's contention, Plaintiff is not required to allege or demonstrate that she sustained some form of "actual harm" that was "caused by" Defendant's violations in order to recover statutory damages under the FCRA.**

Defendant's citation to *Lujan v. National Wildlife Federation* (1990) 497 U.S. 871, 883 [110 S.Ct. 3177, 3186, 111 L.Ed.2d 695] for the proposition that a plaintiff suing under a federal statute must show that he or she suffered an "injury in fact" within the zone of interests protected by the statutory provision allegedly violated is inaccurate. There is no reference to any "injury in fact" requirement in the Court's holding. The actual language used by the Court is as follows:

> . . . we have said that to be "adversely affected or aggrieved ... within the meaning" of a statute, the plaintiff must establish that the injury he complains of (*his* aggrievement, or the adverse effect *upon him* ) falls within the "zone of interests" sought to be protected by the statutory provision whose violation forms the legal basis for his complaint.

Here, Plaintiff has alleged "her aggrievement" – Defendant's violation of her statutory rights under Section 1681b(b)(1) that Defendant obtain a certification from her employer of its compliance of its obligations ***before*** Defendant provided her private information to the employer.

     **1.**     **Numerous cases construing Section 1681n have held that a plaintiff alleging the violation of a FCRA provision is not required to prove "actual injury."**

Defendant has cited no case that interprets Section 1681n as requiring something more than a willful statutory violation in order to recover statutory damages. In fact, numerous cases addressing the issue have held that a plaintiff is not required to allege "actual injury" in order to recover statutory damages.

21

In *Bateman v. American Multi-Cinema, Inc.* (9th Cir. 2010) 623 F.3d 708, 719, for example, the Court recognized that "[through FCRA] Congress expressly created a statutory damages scheme that intended to compensate individuals for actual or potential damages resulting from FACTA violations, without requiring individuals to prove actual harm."

In *Murray v. GMAC Mortg. Corp.* (7th Cir. 2006) 434 F.3d 948, the Seventh Circuit addressed the Act's prohibition on accessing a consumer's credit score without her consent and the narrow exception created for lenders who are making a "firm offer of credit" to the consumer. *See* 15 U.S.C. § 1681b(c)(1)(B)(i). The court explained that individual damages issues did not preclude class certification because the class representative could seek statutory damages "without proof of injury" in lieu of actual damages. *Murray,* 434 F.3d at 952–53.

In *Ramirez v. Midwest Airlines, Inc.* (D. Kan. 2008) 537 F.Supp.2d 1161, 1166–67, the Court held that statutory damages were available under Section 1681n of the FCRA without a showing of actual harm resulting from the violation of the FCRA:

> . . . FCRA confers upon her a private right of action by which her injury can be redressed by the court in the form of damages available for a willful violation under § 1681n(a)(1)(A), even in the absence of actual damages, as discussed below.

The Court also rejected the Defendant's argument that the statutory damage provision should be read to provide only for damages to compensate actual injury without requiring proof of the extent of actual injury:

> As in all statutory construction cases, the court begins with the language of the statute itself. *Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002). The statutory language is also the stopping point if it is unambiguous

22

and the statutory scheme is coherent and consistent. *Id.* ***Here, the statute provides for actual damages "or" statutory damages. In light of the fact that the word "actual" damages is notably absent from the statutory damages provision, it is clear that a showing of actual damages is not required to recover statutory damages. Moreover, the availability of statutory damages without a showing of actual damages provides for a coherent and consistent statutory scheme.*** Section 1681n creates a private right of action for a willful violation of FCRA whereas § 1681*o* provides the private right of action for a violation that is merely negligent, as opposed to willful. Significantly, the analogous provision of § 1681*o* permits only actual damages; it contains no counterpart to the statutory damage provision in § 1681n. Thus, FCRA permits statutory damages in willful noncompliance cases, but not in negligent noncompliance cases. ***In sum, the lack of ambiguity in the plain language of the statute as well as the coherency and consistency of the dichotomous statutory scheme reflects that a showing of actual damages is not required to recover the statutory damages permitted under § 1681n(a)(1)(A) in a willful noncompliance case.*** *See, e.g., Tremble v. Town & Country Credit Corp.,* Case No. 05–2625, 2006 WL 163140, at *3–*4 (N.D.Ill. Jan. 18, 2006) (rejecting defendant's argument that plaintiff was required to prove actual damages in order to obtain statutory damages under § 1681n(a)(1)(A)); *Soualian v. Int'l Coffee & Tea LLC,* Case No. 07–502, 2007 WL 4877903, at *3 (C.D.Cal. May 22, 2007) (finding a similar argument raised by the defendant in that case was "grossly overreaching" because "the plain language of FCRA's damages provision defeats Defendant's argument that Plaintiff must prove actual harm to recover for Defendant's alleged violations of Section 1681c(g)"); *cf. Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 622 (7th Cir.2007) (noting that FCRA contemplates possible awards of statutory damages for willful violations, and therefore actual damages are not a precondition to suit).

Other courts have reached the same conclusion when considering Section 1681n statutory damages suits premised on violations of other provisions of the Act. (*Ashby v. Farmers Ins. Co. of Oregon* (D. Or. 2008) 592 F.Supp.2d 1307, 1317 ("Under FCRA, statutory damages are awarded as an alternative to actual damages. The statute does not require a named

23

plaintiff or a class member to prove actual harm and/or damage in order to obtain statutory damages and does not specify criteria for determining the amount of statutory damages."); *Gillespie v. Equifax Information Services, LLC* (N.D. Ill., Oct. 15, 2008, No. 05 C 138) 2008 WL 4614327, at *7; *Murray v. New Cingular Wireless Services, Inc.* (N.D. Ill. 2005) 232 F.R.D. 295, 302–03 (reaching a similar conclusion with respect to a FCRA claim premised on a violation of § 1681b(e)); *Troy v. Home Run Inn, Inc.* (N.D. Ill., Apr. 14, 2008, No. 07C4331) 2008 WL 1766526, at *4 ("section 1681 n(a)(1)(A), the provision that permits an action for willful violations of FCRA, expressly permits both actual and statutory damages. Thus, the plain language of the statute makes it clear that actual damages are not a prerequisite to recovery of statutory damages."); *Ticknor v. Rouse's Enterprises, LLC* (E.D. La., May 2, 2014, No. 12-1151) 2014 WL 1764738, at *1, *aff'd sub nom. Ticknor v. Rouse's Enterprises, L.L.C.* (5th Cir. 2014) 592 Fed.Appx. 276 ("A willful violation of the Receipt Provision entitles a plaintiff to recover actual damages or opt for statutory damages, in lieu of actual damages, of between $100 and $1,000 per consumer. *Id.* at § 1681n(a)(1)(A). Statutory damages are recoverable even if the plaintiff does not claim to have suffered actual damage as a result of a willful violation.")

**2.** **Federal courts construing other consumer protection statutes that provide for statutory damages have found that neither reliance, actual damages, nor proximate causation are elements of such statutory damage claims.**

In *Edwards v. First American Corp.* (9th Cir. 2010) 610 F.3d 514, a claim was brought by the plaintiff under the Real Estate Settlement Procedures Act of 1974 (RESPA). The defendants argued that the plaintiff had not suffered a concrete injury in fact because she had not alleged that the charge for title

24

insurance was higher than it would have been without the exclusivity agreement. The plaintiff argued that the damages provision in RESPA gives rise to a statutory cause of action whether or not an overcharge occurred. The Ninth Circuit agreed with the plaintiff, holding that no "actual overcharge" was necessary to enable plaintiff to pursue her claims because an "actual injury" was not required by the plain language of the statute. (*Id.*, at 517–18.)

In *Pinkett v. Moolah Loan Co.* (N.D. Ill., Nov. 2, 1999, No. 99C2700) 1999 WL 1080596, at *4, which involved a claim under the TILA, the Court held:

> "Neither reliance nor actual damages are elements of a statutory damages claim alleging disclosure violations under [TILA.]" *Demitropoulos,* 915 F.Supp. at 1418. "Plaintiffs need not show that they were misled or suffered any actual damages as a result of even a purely technical violation." *Clay v. Johnson,* 22 F. Supp .2d 832, 836 (N.D.Ill.1998) (citing *Brown v. Marquette Sav. & Loan Ass'n,* 686 F.2d 608, 614 (7 th Cir.1982)). In this case, the plaintiff alleges a violation of 15 U.S.C. § 1638(a)(9). Statutory damages are available for violations of this provision under 15 U.S.C. § 1640(a)(2).

> . . .

> Because statutory damages may be awarded for violations of § 1638(a)(9), plaintiff need not establish actual damages, nor must he prove proximate cause.

(*See also In re New Century TRS Holdings, Inc.* (Bankr. D. Del. 2013) 495 B.R. 625, 637 ("the Longos are entitled to statutory damages for violation of the TILA provision requiring a borrower to receive clear and conspicuous notice of the right to rescind. *See* 15 U.S.C.A. § 1640(a)(2)(A) (allowing statutory remedies for failure to comply with § 1635).); *Gilroy v. Ameriquest Mortg. Co.* (D.N.H. 2009) 632 F.Supp.2d 132, 138 (even where

25

no proximate cause shown for actual damages, plaintiff entitled to statutory damages for violation of state consumer protection law).)

In *Schnall v. Amboy Nat. Bank* (3d Cir. 2002) 279 F.3d 205, 207, the Court held that the violation of the Truth in Savings Act ("TISA") entitled plaintiff to statutory damages without a showing of "reliance":

> The question before us reduces to whether the language imposing liability for any violation "with respect to any person who is an account holder" requires account holders who bring suit to show that they would not have opened their account had the bank's disclosure complied with TISA, or that they were otherwise misled or financially harmed by the TISA violation.
>
> In deciding this question, we are writing on a clean slate, as this Court has not had occasion to construe § 4310. The only court squarely to address the issue was the District Court for the Southern District of New York in *Hale v. Citibank, N.A.,* 198 F.R.D. 606 (S.D.N.Y.2001). In an opinion by Judge Rakoff, the court in *Hale* rejected defendants' claim that reliance is a necessary element of a cause of action under § 4310:
>
> > [N]either the regulation nor TISA itself requires such a showing as a condition of liability, and such exacting notions of reliance, drawn from the common law, are inapplicable, so far as liability is concerned, to a regulatory statute like TISA whose stated purpose is "to require the clear and uniform disclosure of ... the rates of interest which are payable on deposit accounts by depository institutions." 12 U.S.C. § 4301(b) (emphasis added); *see also* S. Rep. 102-167, at 80-82 (1991).
>
> *Id.* at 607. We find this reasoning persuasive. As the Court in *Hale* noted, neither the statute nor the regulations explicitly require that a plaintiff show reliance or financial injury to recover statutory damages under § 4310.

(*See also Shelley v. AmSouth Bank* (S.D. Ala., July 24, 2000, No. CIV.A.97-1170-RV-C) 2000 WL 1121778, at *14, *aff'd* (11th Cir. 2001)

247 F.3d 250 (proximate cause and actual damages are not elements of a TISA claim for statutory damages).)

District courts that have addressed the question have also determined that a statutory violation of the Electronic Fund Transfer Act ("EFTA") confers standing to pursue a claim for statutory damages without a showing of any "actual injury." (*See Mabary v. Hometown Bank, N.A.* (S.D. Tex. 2012) 888 F.Supp.2d 857, 861; *Amason v. Kangaroo Exp.* (N.D. Ala., Mar. 11, 2013, No. 7:09-CV-2117-RDP) 2013 WL 987935, at *6; *Zabienski v. ONB Bank and Trust* (N.D. Okla., Aug. 20, 2012, No. 12-CV-0130-CVE-TLW) 2012 WL 3583020 ("the plain language of the EFTA authorizes a plaintiff's recovery of statutory damages if successful on an EFTA claim ... even in the absence of actual damages."); *Campbell v. Hope Community Credit Union* (W.D. Tenn., Feb. 8, 2012, No. 10-2649-STA) 2012 WL 423432 ("Plaintiff has standing by virtue of the alleged invasion of her statutory right to notice of the ATM fee pursuant to EFTA."); *Kinder v. Dearborn Federal Sav. Bank* (E.D. Mich., Dec. 20, 2011, No. 10-12570) 2011 WL 6371184 ("the statute requires notice in two forms: on the machine and on the screen. Plaintiff's alleged failure to receive notice in the form required by the statute is an injury, notwithstanding the fact that she received notice in another form."); *In re Regions Bank ATM Fee Notice Litigation* (S.D. Miss., Sept. 12, 2011, No. 2:11-CV-1000-KS-MTP) 2011 WL 4036691 ("Plaintiffs allege that they did not receive notice by means of a sign affixed to the exterior of the machine-notice to which they were statutorily entitled. That is an injury.").)

## VI.   THE CASES CITED BY DEFENDANT ARE INAPPOSITE.

None of the cases cited by Defendant hold that a plaintiff alleging a CRA's violation of its obligations under Section 1681b(b)(1) must allege "actual injury" in order to recover statutory damages.

27

As discussed above, *Lexmark Intern., Inc. v. Static Control Components, Inc.* (2014) 134 S.Ct. 1377 [188 L.Ed.2d 392] did not involve an action based on the violation of a statute that provided for statutory damages without a showing of actual damages that were caused by a violation of the Lanham Act, 15 U.S.C.A. § 1125. Under Section 1125, a party alleging a violation of the statute is only entitled to "damages" resulting from the "wrongful act."[6]

As discussed above, statutory damages are an ***alternative*** remedy to actual damages provided by Section 1681n, and Defendant's reliance on the Court's decision in *Lexmark* is therefore unfounded.

In *Two Jinn, Inc. v. Government Payment Service, Inc.* (2015) 233 Cal.App.4th 1321, 1344–45 [183 Cal.Rptr.3d 432, 450], a bail agent brought an action against a credit card payment processing service used by

---

[6] Section 1125 provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

28

county sheriffs for an injunction against engaging in bail agent activities in violation of state licensing and regulatory requirements, for false advertising under the federal Lanham Act, and for violations of the Unfair Competition Law (UCL), and petitioned for writ of mandate to compel the Department of Insurance to take enforcement action against the payment processing service.

The court sustained the defendant's demurrer without leave to amend as to the mandamus, Lanham Act, and false advertising claims, and then granted summary judgment for payment processing service as to the remaining claims. Addressing the false advertising claim, the Court of Appeal held that the plaintiff had not alleged the first element of a false advertising claim and also had not alleged acts sufficient to establish the statutorily required "commercial injury":

> Here, the SAC does not state facts which if proven would satisfy the first element of a false advertising claim because it does not identify an allegedly false statement that appeared in defendant's commercial advertisement or promotion. Instead, the theory alleged in the SAC is that GPS's advertising violates the Lanham Act because it is conceptually misleading. By using words like "gov" and "government," and a capitol dome as its logo, GPS allegedly misleads consumers to believe that it is affiliated with or endorsed by the government. In other words, Aladdin's theory is that even though GPS did not make a provably false statement, its advertising is nevertheless unlawful because it misleads consumers to believe that it is a government agency or affiliate.
>
> A Lanham Act claim can be based on a theory of "false association," i.e., that the defendants made "false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device.... [Citations.]" (*Waits v. Frito–Lay, Inc.* (9th Cir.1992) 978 F.2d 1093, 1108.) ***However, to have standing to bring such a claim, the plaintiff must possess a commercial interest in the misused mark, name or device or in the good or service that is allegedly being misrepresented.*** (*Id. at pp. 1109–1110* [and authority cited there].) ***In this case, even***

29

> *if Aladdin had requested leave to amend its pleading, we cannot conceive of facts it could allege in order to establish that it suffered this type of commercial injury.* (Emphasis added.)

In this case, Section 1681n does not require a consumer whose rights have been violated to have suffered any "injury" other than the statutory violation in order to recover statutory damages. Rather, the consumer need only show a willful violation in order to recover statutory damages.

*McMartin v. Children's Institute International* (1989) 212 Cal.App.3d 1393, 1407 [261 Cal.Rptr. 437] is similarly inapposite. That case involved a claim under the federal RICO statute, which by its terms required a showing of actual injury by the plaintiff caused by the racketeering conduct. The Court held that there was no requisite allegation of mail fraud and no damages proximately caused to the plaintiff, a statutorily required element:

> In pleading a violation of the mail fraud statute (18 U.S.C. § 1341) as a predicate act under a RICO scheme, plaintiffs must allege that (1) defendants devised a scheme or artifice to defraud, (2) defendants used the mails in furtherance of the scheme, and (3) defendants did so with the specific intent to deceive or defraud. (*Sun Sav. and Loan Ass'n. v. Dierdorff* (9th Cir. 1987) 825 F.2d 187, 195.) (10b) The first amendment proposed by defendants to their RICO cause of action clearly involves an act by the Manhattan Beach Police Department and does not meet any of the necessary criteria of mail fraud. The second proposed amendment seems to suggest that CII encouraged parents to use the mails in making claims for compensation from the state for the abuse allegedly suffered by their children. Besides failing to meet the requirement of pleading specific intent, this claim states no resultant damage to plaintiffs and at most suggests, as defendants point out, a fraud upon the State of California, a wrong which plaintiffs have no standing to prosecute. (*Sedima, S.P.R.L. v. Imrex, supra*, 473 U.S. at pp. 496-497 [87 L.Ed.2d at p. 359] [Under 18 United States Code section 1962(c) "a plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."]; *Old Time Enterprises v. Intern.*

*Coffee Corp.* (5th Cir. 1989) 862 F.2d 1213, 1219 [Complaint dismissed for failure to allege facts showing the requisite nexus between the claimed RICO violations and plaintiffs' damages.])

Similarly, the case of *Midpeninsula Citizens for Fair Housing v. Westwood Investors* (1990) 221 Cal.App.3d 1377, 1382–83 [271 Cal.Rptr. 99], *reh'g denied and opinion modified (July 31, 1990)* involved the alleged violation of the Unruh Civil Rights Act, Civ. Code, § 51 *et seq.*, which, by its terms, only allowed for the recovery of "**actual damages** ... suffered by any person denied the rights provided in section 51 . . ."

Unlike Section 51, Section 1681n does not require a plaintiff to prove "actual damages" in order to recover statutory damages.

## VII.   CONCLUSION.

Plaintiff falls within the class of consumers the FCRA was enacted to protect and has stated a cause of action for Defendant's violation of its obligations under Section 1681b(b)(1) of the FCRA.

Defendant cites no case law that a FCRA plaintiff suing in state court is required to allege and prove an "injury in fact," which is required only for cases filed in federal court under Article III. Moreover, under Section 1681n, Plaintiff is not required to prove "actual injury" "caused by" a violation in order to recover statutory damages.

Defendant's Petition should be denied.

Dated: March 3, 2017                    Respectfully submitted,

PETER R. DION-KINDEM
PETER R. DION-KINDEM, P.C.
THE DION-KINDEM LAW FIRM

31

LONNIE C. BLANCHARD III
THE BLANCHARD LAW GROUP,
APC
*Attorneys for Plaintiff and
Real Party in Interest
Elizabeth A. Larroque*

## CERTIFICATE RE NUMBER OF WORDS OF BRIEF

Counsel of Record hereby certifies that pursuant to Rule 8.204(c)(1) of the California Rules of Court, **REAL PARTY IN INTEREST ELIZABETH A. LARROQUE'S OPPOSITION TO PETITION FOR WRIT OF MANDATE** contains 9,529 words, including footnotes. Counsel relies on the word count of the computer program used to prepare this brief.

Dated: March 3, 2017        Respectfully submitted,

PETER R. DION-KINDEM
PETER R. DION-KINDEM, P.C.
THE DION-KINDEM LAW FIRM

*Attorneys for Plaintiff and*
*Real Party in Interest*
*Elizabeth A. Larroque*

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within action. My business address is 21550 Oxnard St., Suite 900 Woodland Hills, CA 91367. On March 3, 2017, I served the following document(s) described as:

### REAL PARTY IN INTEREST ELIZABETH A. LARROQUE'S OPPOSITION TO PETITION FOR WRIT OF MANDATE

on interested parties in this action an original or true copy thereof enclosed in a sealed envelope addressed as follows:

Seyfarth Shaw LLP                      Attorneys for Petitioner
G. Daniel Newland
James M. Harris
Eric Michael Lloyd
560 Mission Street, Suite 3100
San Francisco, CA 94105

Seyfarth Shaw LLP
Frederick T. Smith
Esther Slater McDonald
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958

Superior Court of California            Respondent
County of San Mateo
Department 16
400 County Ctr.
Redwood City, CA 94063

California Supreme Court
(electronically pursuant to Rule
8.212(c)(2)(A) via the Supreme Court's
electronic notification address)

      <u>XX</u>      I deposited such envelope with postage thereon fully prepaid in the United States mail at a facility regularly maintained by the United States Postal Service at Los Angeles, California.

34

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 3, 2017.

Kale M. Eaton

# EXHIBIT 76

Court of Appeal, First Appellate District
Diana Herbert, Clerk/Administrator
Electronically RECEIVED on 3/8/2017 at 4:21.22 PM

Court of Appeal, First Appellate District
Diana Herbert, Clerk/Administrator
Electronically FILED on 3/8/2017 by S. Wheeler, Deputy Clerk

A150566

# IN THE COURT OF APPEAL
# OF THE STATE OF CALIFORNIA
# FIRST APPELLATE DISTRICT

◆

**FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.**
*Petitioner,*
vs.
**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN MATEO,**
*Respondent;*

**ELIZABETH A. LARROQUE,**
*Real Party in Interest.*

◆

Writ Petition From The Superior Court of San Mateo County
Case No. CIV 535083
The Honorable Richard DuBois, Judge Presiding

◆

## REPLY IN SUPPORT OF PETITION FOR MANDATE

◆

**SEYFARTH SHAW LLP**
G. Daniel Newland (SBN 087965)
James M. Harris (SBN 102724)
Eric Michael Lloyd (SBN 254390)
560 Mission Street, Suite 3100
San Francisco, California 94105
Tel:  (415) 397-2823/Fax:  (415) 397-8549

**SEYFARTH SHAW LLP**
Frederick T. Smith (admitted *pro hac vice*)
Esther Slater McDonald (admitted *pro hac vice*)
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958
Tel:  (404) 885-1500/Fax:  (404) 892-7056

*Attorneys for Petitioner*
**FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.**

# **TABLE OF CONTENTS**

1.   Writ review is necessary and appropriate ................................. 1

2.   The facts are undisputed............................................................ 1

3.   It is well settled that a plaintiff seeking to sue under a
     federal statute must have an injury in fact within the
     statute's zone of interests ......................................................... 1

4.   Plaintiff has not shown otherwise ............................................. 6

5.   Plaintiff's remaining arguments are red herrings...................... 9

     CONCLUSION ........................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Courier Conf. of Am. v. Am. Postal Workers Union AFL-CIO,*
498 U.S. 517 (1991) ............................................................................. 8

*Am. Fed. of Gov't Emp., AFL-CIO v. Vilsack,*
No. 15-5259, 2016 WL 6915542 (D.C. Cir. Nov. 1, 2016)...................................................................................... 5

*Bateman v. Am. Multi-Cinema, Inc.,*
623 F.3d 708 (9th Cir. 2010)........................................................... 9

*Braitberg v. Charter Commc'ns, Inc.,*
836 F.3d 925 (8th Cir. 2016)............................................................ 5

*Clapper v. Amnesty Int'l USA,*
133 S. Ct. 1138 (2013) ..................................................................... 5

*Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.,*
514 U.S. 122 (1995) .......................................................................... 8

*Doe v. Chao,*
540 U.S. 614 (2004) ........................................................................ 10

*Edwards v. First American Corp.,*
610 F.3d 514 (9th Cir. 2010)........................................................ 8, 9

*Gubala v. Time Warner Cable, Inc.,*
846 F.3d 909 (7th Cir. 2017)........................................................... 5

*Lexmark Int'l v. Static Control Components, Inc.,*
134 S. Ct. 1377 (2014) ............................................................. *passim*

*Lujan v. Nat'l Wildlife Fed'n*
497 U.S. 871 (1990) ...................................................................... 7,8

*Meyers v. Nicolet Restaurant of De Pere, LLC,*
    843 F.3d 724 (7th Cir. 2016) ........................................................ 6

*Murray v. GMAC Mortg. Corp.,*
    434 F.3d 948 (7th Cir. 2006) ........................................................ 9

*Planned Parenthood of Columbia/Willamette Inc. v. Am.*
    *Coal. of Life Activists,*
    422 F.3d 949 (9th Cir. 2005) ...................................................... 10

*Ross v. AXA Equitable Life Ins. Co.,*
    No. 15-2665-cv, 2017 WL 730266 (2d Cir. Feb. 23,
    2017) ............................................................................................ 6

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016) ......................................................... 5, 8, 9

*Thompson v. N. Am. Stainless, LP,*
    562 U.S. 170 (2011) ..................................................................... 8

*Ticknor v. Rouse's Enters., LLC,*
    No. 12-cv-1151, 2014 WL 1765738 (E.D. La. May 2,
    2014), *aff'd*, 592 F. App'x 276 (5th Cir. 2014) .......................... 9

**Statutes**

15 U.S.C. § 1114(1) ............................................................................. 7

15 U.S.C. § 1116(a) ............................................................................. 7

15 U.S.C. § 1117(c)-(d) ...................................................................... 7

15 U.S.C. § 1125(a) ............................................................................. 7

15 U.S.C. § 1681b(b)(1) ...................................................................... 2

Fair Credit Reporting Act ......................................................... *passim*

Lanham Act ................................................................................... 6, 7

Petitioner First Advantage LNS Screening Solutions, Inc. respectfully submits this Reply in Support of its Petition for Mandate.

A federal statutory cause of action "always" requires an injury in fact within the zone of interests Congress sought to protect. *Lexmark Int'l v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014). Plaintiff concedes that she has not suffered an injury in fact. Accordingly, she cannot sue under the Fair Credit Reporting Act ("FCRA"), and the trial court erred in denying First Advantage's motion for judgment on the pleadings.

1. *Writ review is necessary and appropriate.* Plaintiff does not dispute the propriety of writ relief or that the Court may properly issue a peremptory writ in the first instance. Thus, this Court may, and should, issue a peremptory writ as requested in the Petition.

2. *The facts are undisputed.* Plaintiff does not dispute the facts alleged in the Petition; she argues only issues of law. Therefore, the Petition presents a purely legal issue: whether a party who lacks an injury in fact may sue under the FCRA.

3. *It is well settled that a plaintiff seeking to sue under a federal statute must have an injury in fact within the statute's zone of interests.* In Lexmark, the United States Supreme Court held that, to

1

sue under a federal statute, a plaintiff "always" must have suffered an injury in fact within the statute's zone of interests.  134 S. Ct. at 1388 (citing cases).  Plaintiff does not dispute that federal law controls whether a plaintiff may sue under a federal statute.  See Pet. at 26-27 (citing California case law).[1]  Her lengthy discussion of the wholly different requirements to sue under a state statute is beside the point.

It is undisputed that Plaintiff did not suffer an injury in fact. She authorized her report; the report was accurate and did not include any adverse information; and she received the job for which she applied.  For this reason alone, she cannot state a claim.

Moreover, because 15 U.S.C. § 1681b(b)(1) was enacted to protect consumers from adverse employment actions based on unauthorized and inaccurate reports, Plaintiff does not fall within the FCRA's zone of interests.  See Pet. at 7, 30; Opp. at 9-10 (noting purpose to protect consumers from "inaccurate" reports and "undue invasion[s]" of privacy).  Plaintiff does not challenge the accuracy of her report, which removes her manufactured dispute from one of the

---

[1] Although Plaintiff discusses the cited cases by Petitioner, she does not dispute the principle for which they were cited: that "federal law controls whether a plaintiff has standing to sue under a federal statute." Pet. at 26.

paramount concerns underlying the FCRA and the zone of interests

the statute was designed to protect.  Plaintiff does not dispute that:

> (1)    In early September 2012, Plaintiff applied for
> employment with Pacific Hotel Management.  App. at
> Ex. 6, p. 000045 ¶ 9; *id.*, Ex. 14, p. 000153:5-27.
>
> (2)    On September 10, 2012, in connection with her
> employment application, Plaintiff signed a "Request,
> Authorization and Consent" form, acknowledging that
> she "request[s], authorize[s], and consent[s]" to Pacific
> obtaining her background report for employment
> purposes.  Plaintiff did not check the box to receive a
> copy of her report.  *Id.*, Ex. 12, pp. 000144-000145; *id.*,
> Ex. 14, pp. 000153:12-27, 000158:1-7; *id.*, Ex. 17, pp.
> 000193-000197.
>
> (3)    On or about September 17, 2012, Pacific procured
> Plaintiff's background report from First Advantage.  *Id.*,
> Ex. 6, p. 000045 ¶ 9.
>
> (4)    Pacific hired Plaintiff after receiving her report.  *Id.*, Ex.
> 14 p. 000157:25-28.
>
> (5)    Almost three years later, Plaintiff sued First Advantage
> for allegedly failing to obtain a proper certification from
> Pacific before furnishing her report to Pacific.  *Id.*, Ex. 6,
> p. 000047 ¶ 16.

These undisputed facts show that Plaintiff knew that a background

check was a condition of employment, and she knowingly authorized

and consented in writing to the release of her background report to

Pacific *before* First Advantage furnished it to Pacific.  By "agree[ing]

to the release of her private information," Plaintiff "eliminat[ed] any

argument that her privacy was somehow invaded." *Id.*, Ex. 14, p. 000158:5-7.

Plaintiff's claim centers around the allegation that First Advantage "did not obtain proper and valid certifications before providing consumer reports." *Id.*, Ex. 6, p. 000046 ¶ 12.  Plaintiff asserts that First Advantage violated the law by requiring that users certify, at account setup , that they would not order reports without proper disclosures and authorizations rather than requiring, at the time of each order, that users certify "as to each consumer" that they had a proper disclosure and authorization for that consumer. *Id.*; Opp. at 14. Plaintiff's claim is all about timing; although Plaintiff may take issue with the manner and when First Advantage obtained certification from Pacific, the notion that her privacy was invaded in any manner is a factual and legal fallacy.

In an attempt to create an injury from a background check process of which she had full knowledge, to which she consented, and that led to her gainful employment, Plaintiff argues that, by having Pacific certify that it would obtain Plaintiff's authorization, First Advantage created a "risk" that it would furnish a report that she had not authorized even though she had authorized it.  This assertion is

4

nonsensical, and in any event, Plaintiff's unfounded fear is not an injury in fact.

To constitute an injury in fact, a risk of harm must be, at a minimum, "real" and "material." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549-50 (2016); *see also Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (holding that a "threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient") (quotation marks omitted; emphasis in original). "[A] general congressional determination that the risk of future harm to the public warrants prophylactic legislation does not alone suffice to bestow standing on all intended beneficiaries of such legislation." *Am. Fed. of Gov't Emp., AFL-CIO v. Vilsack*, No. 15-5259, 2016 WL 6915542, at *2 (D.C. Cir. Nov. 1, 2016).

Courts have repeatedly rejected attempts to assert an injury where the risk alleged did not affect the plaintiff. *See, e.g., Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 910-11 (7th Cir. 2017) (holding that plaintiff had not suffered a material risk that his privacy would be invaded by defendant's improper retention of his personal information where he provided the information and defendant had not disclosed it to a third party); *Braitberg v. Charter Commc'ns, Inc.*,

836 F.3d 925, 930 (8th Cir. 2016) (same); *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016) (holding that plaintiff did not suffer a material risk of identity theft where no third party saw the credit card information that defendant improperly included on plaintiff's receipt); *Ross v. AXA Equitable Life Ins. Co.*, No. 15-2665-cv, 2017 WL 730266, at *2 (2d Cir. Feb. 23, 2017) (holding that a statutory violation "alone does not inherently present any material risk of harm).

In sum, because Plaintiff authorized her report, there was no risk that her report would be furnished without her authorization. Thus, the risk that her privacy would be invaded is non-existent, a fact Plaintiff essentially concedes by asserting that whether she, "in fact, suffered any 'actual harm as a result of [First Advantage's] violation is simply irrelevant." Opp. at 20.

*4. Plaintiff has not shown otherwise.* Although Plaintiff asserts that the zone-of-interest limitation does not require an injury in fact, her arguments fail.

Plaintiff asserts that *Lexmark* is inapplicable because, unlike the FCRA, the Lanham Act on its face requires an "actual injury" and "only authorize[s] a plaintiff to recover ***compensatory damages***."

6

Opp. at 18-19.  This point is irrelevant because *Lexmark* did not turn on the relief sought.  Further, Plaintiff misreads the Lanham Act.  In fact, the Lanham Act purports to authorize suit by "any person who believes that he or she is ***likely*** to be damaged," 15 U.S.C. § 1125(a) (emphasis added), and provides for non-compensatory relief, such as injunctive relief and, in some cases, statutory damages, regardless of injury, *id.* §§ 1116(a), 1117(c)-(d); *see also* § 1114(1) (providing, similar to the FCRA, that "[a]ny person [who violates the section] shall be liable in a civil action by the registrant").

Nonetheless, the Supreme Court held that the statute must be interpreted to require an injury in fact within the zone of interests because Congress does not mean "to allow all factually injured plaintiffs to recover." *Lexmark*, 134 S. Ct. at 1388.  Where, as here, the plaintiff has not suffered any injury whatsoever, by definition she has not suffered the requisite injury within the statutory zone of interests.

Next, Plaintiff argues that *Lujan v. National Wildlife Federation* is distinguishable because it merely requires an "aggrievement," which she asserts *ipse dixit* can be satisfied by a mere statutory violation.  Opp. at 21.  Plaintiff argues—again without

citation—that "aggrievement" must not mean injury in fact because "there is no reference to any 'injury in fact' requirement" in *Lujan*. *Id.* But "aggrievement" is a term of art that requires a plaintiff to "have suffered an 'injury in fact'" within a statute's zone of interests. *Air Courier Conf. of Am. v. Am. Postal Workers Union AFL-CIO*, 498 U.S. 517, 523 (1991); *see, e.g., Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 177 (2011) ("aggrievement" requires more than mere injury in fact); *Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 126, (1995) (phrase "'person adversely affected or aggrieved' is a term of art" used to refer to statutory standing). Consequently, *Lujan* is properly interpreted as requiring an injury in fact.

Last, Plaintiff asserts that numerous cases have held that a plaintiff "is not required to prove 'actual injury'" to recover statutory damages. *See* Opp. at 21-24. The cases on which Plaintiff relies do not establish that proposition for several reasons.

First, with one exception, they all pre-date *Lexmark* and *Spokeo*. To the extent they are relevant, they do not survive *Lexmark* and *Spokeo*. For example, the Ninth Circuit in *Edwards v. First American Corp.* stated that "the invasion" of any statutory right

8

created by Congress necessarily establishes the requisite "injury" to sue. 610 F.3d 514, 517 (9th Cir. 2010) (quotation marks omitted). *Spokeo* and *Lexmark,* however, clearly repudiate that reasoning.

Moreover, many of the cases—including the one post-*Spokeo* decision—do not address statutory or constitutional standing. Instead, they address issues not raised here, such as whether statutory damages require proof of actual damages or raise individualized issues that preclude class certification. *See, e.g., Bateman v. Am. Multi-Cinema, Inc.,* 623 F.3d 708, 719 (9th Cir. 2010) *Murray v. GMAC Mortg. Corp.,* 434 F.3d 948, 952-53 (7th Cir. 2006); *Ticknor v. Rouse's Enters., LLC,* No. 12-cv-1151, 2014 WL 1765738 (E.D. La. May 2, 2014), *aff'd,* 592 F. App'x 276 (5th Cir. 2014).

5. *Plaintiff's remaining arguments are red herrings.* The only issue raised by First Advantage's writ petition is whether an uninjured plaintiff has a right to sue under the FCRA. Much of Plaintiff's opposition addresses issues that are not before this Court.

Plaintiff opens her brief by asserting that Article III does not apply in state courts and citing cases involving state and local laws. This misses the point. First Advantage did not move to dismiss for

9

lack of Article III standing and does not assert that states must require an injury in fact to hear cases involving state or local laws.

Similarly, First Advantage has not raised proximate causation on appeal, or challenged the standard for establishing statutory damages. In any event, a plaintiff can suffer an injury in fact without suffering actual, measureable damages. *See Doe v. Chao*, 540 U.S. 614, 625 (2004). Indeed, that is the problem that statutory damages address. *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 963 (9th Cir. 2005) ("Statutory damages are meant to compensate victims when actual loss is hard to prove.").

## **CONCLUSION**

Accordingly, for the reasons expressed above and in First Advantage's Petition, this Court should grant a peremptory writ of mandate and direct the Superior Court to enter a new and different order granting First Advantage's Motion for Judgment on the Pleadings.

Date:  March 8, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

G. Daniel Newland
Frederick T. Smith
James M. Harris
Esther Slater McDonald
Eric M. Lloyd

Attorneys for Petitioner
FIRST ADVANTAGE LNS
SCREENING SOLUTIONS, INC.

## CERTIFICATION OF WORD COUNT

In accordance with Cal. Rule of Court, rule 8.204(c) and 8.486(a)(6), the text of this Petition, exclusive of all portions authorized to be excluded by the Rules, consists of 1,999 words, as counted by the Microsoft Word 2010 Program used to generate this petition.

Date:  March 8, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

G. Daniel Newland

Attorney for Petitioner
FIRST ADVANTAGE LNS
SCREENING SOLUTIONS, INC.

A150566

# IN THE COURT OF APPEAL
# OF THE STATE OF CALIFORNIA
# FIRST APPELLATE DISTRICT

◆

**FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.**
*Petitioner,*

vs.

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN MATEO,**
*Respondent;*

**ELIZABETH A. LARROQUE,**
*Real Party in Interest.*

◆

Writ Petition From The Superior Court of San Mateo County
Case No. CIV 535083
The Honorable Richard DuBois, Judge Presiding

◆

**PROOF OF SERVICE RE: PETITIONER FIRST ADVANTAGE
LNS SCREENING SOLUTIONS, INC.'S ALTERNATIVE AND
PEREMPTORY WRITS OF MANDAMUS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
(APPENDIX OF EXHIBITS FILED CONCURRENTLY UNDER
SEPARATE COVER)**

◆

**SEYFARTH SHAW LLP**
G. Daniel Newland (SBN 087965)
James M. Harris (SBN 102724)
Eric Michael Lloyd (SBN 254390)
560 Mission Street, Suite 3100
San Francisco, California 94105
Tel: (415) 397-2823/Fax: (415) 397-8549

**SEYFARTH SHAW LLP**
Frederick T. Smith (admitted pro hac vice)
Esther Slater McDonald (admitted pro hac vice)
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Tel: (404) 885-1500/Fax: (404) 892-7056

*Attorneys for Petitioner*
**FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.**

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On March 8, 2017, I served the within documents:

## REPLY IN SUPPORT OF PETITION FOR MANDATE

X    by placing the document(s) listed above in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

X    by electronic filing through TrueFiling, I caused the filing and service of this document(s) on the date shown below. This document is being served electronically and the transmission was reported as complete and without error.

Counsel for Plaintiff
Peter R. Dion-Kindem
The Dion-Kindem Law Firm
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone: (818) 883-4900
Facsimile: (818) 883-4902
peter@dion-kindemlaw.com
**Served Electronically and via Federal Express**

Counsel for Plaintiff
Lonnie C. Blanchard, III
The Blanchard Law Group, APC
3311 East Pico Boulevard
Los Angeles, California 90023
Telephone: (213) 599-8255
Facsimile: (213) 402-3949
lonnieblanchard@gmail.com
**Served Electronically and via Federal Express**

Superior Court of California
County of San Mateo
Department 16
400 County Ctr.
Redwood City, CA 94063
**Served via Federal Express**

Counsel for Plaintiff
Jeff Holmes
Holmes Law Group, APC
3311 East Pico Boulevard
Los Angeles, California 90023
Telephone: (310) 396-9045
Facsimile: (970) 497-4922
JeffHolmesJH@gmail.com
**Served Electronically and via Federal Express**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 8, 2017, at San Francisco, California.

Nancy J. Davilla

37057108v.1

37057108v.1

# EXHIBIT 77

Court of Appeal, First Appellate District
Diana Herbert, Clerk/Administrator
Electronically RECEIVED on 3/22/2017 at 6:00:44 PM

Court of Appeal, First Appellate District
Diana Herbert, Clerk/Administrator
Electronically FILED on 3/22/2017 by I. Santos, Deputy Clerk

# SEYFARTH SHAW

**Seyfarth Shaw LLP**

560 Mission Street, 31st Floor

San Francisco, California 94105

(415) 397-2823

fax (415) 397-8549

www.seyfarth.com

Writer's direct phone
(415) 544-1060

Writer's e-mail
elloyd@seyfarth.com

March 22, 2017

**VIA ELECTRONIC FILING**

Clerk of the Court
1st District Court of Appeal
350 McAllister Street
San Francisco, CA 94102

> **Re:**  ***Larroque v. First Advantage LNS Screening Solutions, Inc.***
> **Appellate Court Case No. A150566**
> **San Mateo County Superior Court Case No. CIV 535083**
> **Notice of New Authority**

Dear Sir/Madam:

Appellant First Advantage LNS Screening Solutions, Inc., pursuant to California Rules of Court Rule 8.254, respectfully brings the following authority, which was unavailable at the time Appellant's Petition for Alternative and Peremptory Writs of Mandamus was filed on February 20, 2017, to the attention of the Court: *Smith v. The Ohio State University* (Ohio Ct. of Cl., Feb. 21, 2017). *Smith* is relevant to the arguments set forth in Appellant's Memorandum of Points and Authorities supporting its Petition for Alternative and Peremptory Writs of Mandamus at pages 22-31.

A copy of the Ohio Court of Claims' opinion in *Smith* is attached hereto for the Court's convenience.

Very truly yours,

SEYFARTH SHAW LLP

Eric M. Lloyd

EL:njd
Attachment

WASHINGTON, D.C.

SYDNEY

SHANGHAI

SAN FRANCISCO

SACRAMENTO

NEW YORK

MELBOURNE

LOS ANGELES

LONDON

HOUSTON

CHICAGO

BOSTON

ATLANTA

38224216v.1

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK



Clerk of the Court
March 22, 2017
Page 2

cc:    G. Daniel Newland, Esq.
       Frederick T Smith, Esq.
       Esther Slater McDonald, Esq.
       Peter R. Dion-Kindem, Esq., via electronic filing
       Jeff Holmes, Esq., via electronic filing
       Lonnie C. Blanchard, III, Esq., via electronic filing

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| DEANNA SMITH, et al. | Case No. 2015-00919 |
| Plaintiffs | Judge Dale A. Crawford |
| v. | <u>ENTRY OF DISMISSAL</u> |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

FILED
COURT OF CLAIMS
OF OHIO
2017 FEB 21 PM 1:52

Now before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint pursuant to Civ.R. 12(B)(6). Plaintiffs' Complaint includes claims of invasion of privacy and information injuries, arising from Defendant, The Ohio State University's (OSU), alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq*. Plaintiffs assert that OSU routinely procures consumer credit reports as part of its employment application process, and fails to comply with FCRA in doing so. Plaintiff, Deanna Smith, applied for work and was hired by OSU in the fall of 2014. Plaintiff, Harmoni Sauder, applied for work and was hired by OSU in late 2012. They allege that during the application process OSU provided them with its standard background check disclosure and authorization form which contains extraneous information, including a liability release. Plaintiffs assert that by including the extraneous information within and around its disclosure, OSU violates Section 1681b(b)(2)(A) of the FCRA, whereby Plaintiffs and class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each offense, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

There are two motions pending before the Court: 1) Defendant's Motion for Leave *Instanter* to File Reply Brief In Support of Motion to Dismiss filed on August 17, 2016; 2) Plaintiffs' Motion for Leave *Instanter* to File Sur-Reply Brief in Support of Opposition to Defendant's Motion to Dismiss. Upon review, both motions are hereby

*JOURNALIZED*

FILED
COURT OF CLAIMS
OF OHIO

2017 FEB 21   PM 1:52

Case No. 2015-00919                    -2-                              ENTRY

GRANTED and the reply memoranda are accepted by the Court as of the date of their respective filing.

OSU argues that Plaintiffs' Complaint fails as a matter of law because Plaintiffs have not alleged a concrete injury in fact. While Plaintiffs assert they are entitled to statutory damages, they have not plead or experienced any injury as a direct result of OSU's alleged violation of one provision of FCRA. OSU argues that in light of the recent decision of the United States Supreme Court in *Spokeo v. Robins*, 136 S.Ct. 1540 (2016) and the United States District Court for the Southern District of Ohio's dismissal of Plaintiffs' Complaint in the connected action, Case No. 2:15-CV-3030, this Court ought to grant its Motion to Dismiss.

"A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *Powell v. Vorys*, 131 Ohio App.3d 681, 684, 723 N.E.2d 596 (10th Dist.1998), quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St. 545, 548, 1992-Ohio-73, 605 N.E.2d 378. "In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" *Powell*, at 683, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. "In resolving a Civ.R.12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint." *Powell*, at 684, citing *Estate of Sherman v. Millhon*, 104 Ohio App.3d 614, 617, 662 N.E.2d 1098 (10th Dist.1995). "When a court rules on a motion to dismiss for failure to state a claim, the complaint's factual allegations must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Sharon Enters. v. Kenworth of Cincinnati*, 131 Ohio App.3d 746, 749, 723 N.E.2d 642 (1st Dist.1998), citing *Vail v. Plain Dealer Publishing Co.* 72 Ohio St.3d 279, 1995-Ohio-187, 649 N.E.2d 182; *Mitchell v. Lawson Milk Co.*, 40

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2017 FEB 21  PM 1:53

Case No. 2015-00919                    -3-                              ENTRY

Ohio St.3d 190, 532 N.E.2d 753 (1988).  "A motion to dismiss can be granted only where the party opposing the motion, here, the [Plaintiff], is unable to prove any set of facts which would entitle it to the relief requested."  *Sharon*, at 748, citing *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 418, 1995-Ohio-61, 650 N.E.2d 863; *York v. Ohio St. Highway Patrol*, 60 Ohio St.3d 143, 573 N.E.2d 1063 (1991).

While the Court is not bound by the aforementioned holdings of the United States Supreme Court and the United States District Court for the Southern District of Ohio, the Court gives great deference to those holdings.  In *Spokeo*, the United States Supreme Court held that "Article III Standing requires a concrete injury even in the context of a statutory violation."  *Spokeo, Inc.*, 136 S.Ct. 1540, slip op. at 9 (2016).  For an injury to be cognizable under current standing doctrine, it must be particularized meaning it "affect[s] the plaintiff in a personal and individual way."  *Id.* at 1548, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130 (1992).  In determining whether Congress intended procedural violations of FCRA to constitute legally cognizable injuries, the Supreme Court held that "[a] violation of one of the FCRA's procedural requirements may result in no harm."  *Id.* at 1550.  Likewise, the District Court found that it could not find "that Plaintiffs have suffered an injury-in-fact from Ohio State's alleged breach of FCRA.  Without a concrete and particularized injury-in-fact, there is no Article III standing in this Court."

State courts are not bound by Article III of the United States Constitution and have construed standing more broadly than the federal courts.

Unlike the federal courts, state courts are not bound by constitutional strictures on standing; with state courts standing is self-imposed rule of restraint.  State courts need not become enmeshed in the federal complexities and technicalities involving standing and are free to reject procedural frustrations in favor of just and expeditious determination on the ultimate merits.

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2017 FEB 21   PM 1:53

Case No. 2015-00919                    -4-                         ENTRY

*State ex. Rel. Ohio Acad. Of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 470 (1999)
(quoting 59 American Jurisprudence 2d (1987) 415, Parties, Section 30). In this case,
the Ohio Supreme Court found standing in a matter that could not have proceeded in
federal court.

Plaintiffs argue that they have statutory standing because FCRA contains an
express grant of statutory standing to "any consumer," as defined by § 1681a(c), to
bring an action in "* * * any court of competent jurisdiction" against "any person," as
defined in § 1681a(b), who willfully fails to comply with "any requirement" imposed
under the FCRA. *See* 15 U.S.C. §§ 1681n(a) & 1681p.

Plaintiffs further argue that Ohio courts have specifically recognized statutory
standing, which may exist in the absence of any concrete injury. In *City of Middletown
v. Ferguson*, 25 Ohio St.3d 71, 495 N.E.2d 380 (1986), the Supreme Court of Ohio
found that the city had standing to pursue a special statutory grant of authority despite
the defendant's position that the City of Middletown had not been adversely affected by
the ordinance in question. The Supreme Court found that "standing does not flow from
the common-law 'personal stake' doctrine alone." *Id.* at 75.

Similarly, there is well-established case law supporting statutory standing in the
absence of any concrete injury as it pertains to alleged violations of the Ohio "Sunshine
Law," R.C. 121.22. *See Vermilion Teachers' Ass'n v. Vermilion Local Sch. Dist. Bd. of
Educ.*, 98 Ohio App.3d 524, 648 N.E.2d 1384 (6th Dist.1994); *Moore v. City of
Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977; *State ex rel. Mason
v. State Empl. Rels. Bd.*, 133 Ohio App.3d 213, 727 N.E.2d 181 (10th Dist.1999);
*ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d
1101 ("In addition to standing authorized by common law, standing may also be
conferred by statute").

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2017 FEB 21  PM 1:53

Case No. 2015-00919                    -5-                                  ENTRY

Ohio courts have also found that plaintiffs claiming to be an "interested party" in claims involving alleged violations of Ohio's prevailing wage law, R.C. 4115.03 had standing despite a lack of a personal and particularized harm.  *See United Bhd. of Carpenters, Local Union No. 1581 v. Edgerton Hardware Co.*, 6th Dist. Williams No. WM-06-017, 2007-Ohio-3958; *Ohio Valley Associated Builders & Contrs. v. Indus. Power Sys.*, 190 Ohio App.3d 273, 2010-Ohio-4930, 941 N.E.2d 849 (6th Dist.).

Plaintiffs have demonstrated that Ohio law contains a rich history of statutory standing in the absence of an injury-in-fact.  However, despite the many examples of statutory standing provided by Plaintiffs, none of them deal with a state court considering whether a plaintiff has statutory standing based on the alleged violation of a federal statute.  That is what the Court is called upon to do in this case.

Ohio courts have found that statutory standing exists where the legislature clearly abrogates established standing principles.  *See ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101 (finding that statutory silence is not a clear expression of an intention to abrogate common-law requirements for standing).  As noted above, The United States Supreme Court applied a similar analysis in *Spokeo*, stating that Congress "may elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." Spokeo, at 1550 (quoting *Lujan*, 504 U.S., at 578.) Ultimately, it found no such elevation afforded to violations of the FCRA.  The Court defers to the United States Supreme Court's interpretation of The United States Congress' legislative intent as to the existence of statutory standing under the FCRA in the absence of a concrete injury-in-fact.

Plaintiffs have plead no particularized injury-in-fact, nor do they have statutory standing to pursue their claims in the absence of a cognizable injury.  Accordingly, Defendant's Motion to Dismiss is hereby GRANTED and all of Plaintiffs' claims are

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2017 FEB 21   PM 1: 53

Case No. 2015-00919                    -6-                                    ENTRY

DISMISSED as a matter of law.  Court costs are assessed against Plaintiff.  The clerk
shall serve upon all parties notice of this judgment and its date of entry upon the journal.

DALE A. CRAWFORD
Judge

cc:

Kara W. Wolke                              Lee Ann Rabe
Marc L. Godino                             Randall W. Knutti
Mark S. Greenstone                         Assistant Attorneys General
1925 Century Park East, Suite 2100         150 East Gay Street, 18th Floor
Los Angeles, California 90067              Columbus, Ohio 43215-3130

Katherine Connor Ferguson                  Martha Brewer Motley
100 South Fourth Street, Suite 100         Robert N. Webner
Columbus, Ohio 43215                       Special Counsel to Attorney General
                                           52 East Gay Street
                                           P.O. Box 1008
                                           Columbus, Ohio 43216-1008

005

JOURNALIZED

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105.  On March 22, 2017, I served the within documents:

## NOTICE OF SUPPLEMENTAL AUTHORITY

X   by electronic filing through TrueFiling, I caused the filing and service of this document(s) on the date shown below.  This document is being served electronically and the transmission was reported as complete and without error.

Counsel for Plaintiff
Peter R. Dion-Kindem
The Dion-Kindem Law Firm
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone: (818) 883-4900
Facsimile: (818) 883-4902
peter@dion-kindemlaw.com

Counsel for Plaintiff
Lonnie C. Blanchard, III
The Blanchard Law Group, APC
3311 East Pico Boulevard
Los Angeles, California 90023
Telephone: (213) 599-8255
Facsimile: (213) 402-3949
lonnieblanchard@gmail.com

Counsel for Plaintiff
Jeff Holmes
Holmes Law Group, APC
3311 East Pico Boulevard
Los Angeles, California 90023
Telephone:  (310) 396-9045
Facsimile:  (970) 497-4922
JeffHolmesJH@gmail.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 22, 2017, at San Francisco, California.

Nancy J. Davilla

37057108v.1