# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH LARROQUE, <br>     Plaintiff, <br> v. <br> FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., <br>     Defendant. | Case No. 17-5313-JSC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** <br> Dkt. No. 10 |

Elizabeth Larroque alleges First Advantage Screening Solutions, Inc. violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. In particular, Ms. Larroque alleges that First Advantage provided her consumer report to her prospective employer, Pacific Hotel Management, LLC, without first having Pacific Hotel certify that it had complied with the requirements of Section 1681b(b)(1) of the FCRA. (Dkt. No. 4-1 at ¶¶ 9-13.) The Court previously remanded this same lawsuit to state court on the grounds that the Complaint's allegations did not support an inference that Ms. Larroque suffered a concrete injury and therefore she does not have standing. *Larroque v. First Advantage*, 2016 WL 4577257 (N.D. Cal. Sep. 2, 2016). Approximately one year later, First Advantage again removed the action to federal court. First Advantage argues that Ms. Larroque's recent deposition testimony establishes that she suffered a concrete injury. Ms. Larroque moves for remand. After considering the parties' submissions, and having heard oral argument on November 9, 2017, the Court finds that First Advantage has not met its burden of showing that this Court has subject matter jurisdiction. Accordingly, the Court REMANDS this action to San Mateo County Superior Court.[1]

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 11, 12.)

**DISCUSSION**

"Standing is a necessary element of federal-court jurisdiction" and a "threshold question in every federal case." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Article III standing consists of three "irreducible constitutional minimum" requirements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016). First Advantage, as the party invoking federal jurisdiction, bears the burden of proving that standing exists. *Id.*

The only conduct challenged by Ms. Larroque in this lawsuit is First Advantage's alleged failure to obtain a certification from Pacific Hotel as required by 15 U.S.C. § 1681b(b)(1). (Dkt. No. 4-1.) Under that FCRA section, before First Advantage provided Pacific Hotel with Ms. Larroque's consumer report it was required to obtain a certification from Pacific Hotel that (1) Pacific Hotel had disclosed to Ms. Larroque that it may obtain a consumer report about her in connection with her employment application, (2) Ms. Larroque authorized Pacific Hotel in writing to obtain her consumer report, and (3) if Pacific Hotel took any adverse action against Ms. Larroque based on the report (such as not hiring her), it would provide Ms. Larroque with a copy of her report and a description of her rights. *See* 15 U.S.C. § 1681b(b)(2)(3). It is undisputed that Pacific Hotel adequately obtained Ms. Larroque's written authorization to obtain her consumer report. It is also undisputed that Pacific Hotel hired Ms. Larroque and therefore was not required to provide her with a copy of her consumer report. Ms. Larroque's claim is that First Advantage did not obtain a certification from Pacific Hotel that Pacific Hotel did what it in fact did. To remain in federal court First Advantage must show that Ms. Larroque has standing to make this claim.

First Advantage contends that Ms. Larroque has standing because her recent deposition testimony revealed that she suffered concrete injuries. In particular, she testified that her First Advantage credit report contained inaccuracies and she complained that First Advantage violated her right to privacy because she did not know what was in her First Advantage consumer report.

2

First Advantage has not met its burden of showing that Ms. Larroque has standing to bring the claim made in this lawsuit.

First, as to Ms. Larroque's injury from the alleged inaccuracies in her consumer report, such injury is not fairly traceable to the conduct challenged in this lawsuit. This lawsuit has nothing to do with the accuracy of Ms. Larroque's consumer report; instead, it challenges First Advantage's failure to obtain a certification from Pacific Hotel. In a similar vein, her alleged injury from the inaccuracies is not likely to be addressed by a favorable judicial decision. A verdict in Ms. Larroque's favor on the certification claim will have no impact on any alleged inaccuracies in her consumer report.

Second, the "violation of privacy" to which Ms. Larroque testified was First Advantage's failure to disclose her consumer report to Ms. Larroque before First Advantage disclosed it to anyone else; she complained that she did not know what was in the First Advantage consumer report. Such an injury is not fairly traceable to the conduct Ms. Larroque challenges in this lawsuit—First Advantage's failure to obtain a certification from Pacific Hotel. Even if First Advantage had complied with the FCRA certification provision, Ms. Larroque still would not have been provided with her First Advantage consumer report before it was disclosed. Indeed, in this lawsuit there is no dispute that Ms. Larroque was provided with all the disclosures to which she was entitled. Similarly, her alleged violation of privacy is not redressable by a verdict in Ms. Larroque's favor. First Advantage has thus not established that Ms. Larroque has Article III standing to bring her section 1681b(b)(1) claim.

**CONCLUSION**

First Advantage has not met its burden of showing that Ms. Larroque has standing to bring her FCRA section 1681b(b)(1) claim. Accordingly, the Court GRANTS Ms. Larroque's motion and REMANDS this action to the Superior Court of California for the County of San Mateo.

**IT IS SO ORDERED.**

Dated: November 9, 2017

*Jacqueline Scott Corley*

3

JACQUELINE SCOTT CORLEY
United States Magistrate Judge